

**A CERTIFIED TRUE COPY**

DEC 2 7 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED    DEC 2 7 2006

*RELEASED FOR PUBLICATION*

JAN 1 1 2007    FILED
CLERK'S OFFICE

*DOCKET NO. 1806*

CLERK, U.S. DISTRICT COURT
BY _____ DEPUTY

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE MORGAN STANLEY & CO., INC., OVERTIME PAY LITIGATION (NO. II)*

07 CV 71 BEN

*Janemarie Lenihan v. Morgan Stanley & Co., Inc., et al.*, D. Connecticut, C.A. No. 3:06-794

*Joseph Stowell, Jr. v. Morgan Stanley DW, Inc.*, C.D. Illinois, C.A. No. 1:06-1219

*Robert Steinberg v. Morgan Stanley & Co., Inc., et al.*, D. New Jersey C.A. No. 2:05-4856

*Paul Roles v. Morgan Stanley & Co., Inc., et al.*, E.D. New York, C.A. No. 2:05-4553

*David Andrew Gasman, et al. v. Morgan Stanley*, S.D. New York, C.A. No. 1:05-7889

*Kyle R. Armitage v. Morgan Stanley & Co., Inc.*, E.D. Texas, C.A. No. 1:06-347

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation currently consists of six putative class actions[1] pending, respectively, in each of the following districts: the District of Connecticut, the Central District of Illinois, the District of New Jersey, the Eastern District of New York, the Southern District of New York, and the Eastern District of Texas.[2] Plaintiffs in the Central District of Illinois and the Eastern District of Texas actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of Illinois. Defendants Morgan Stanley & Co. (Morgan) and a Morgan affiliate, joined by plaintiffs in the District of Connecticut, District of New Jersey, Eastern District of New York, and Southern District of New York actions, do not oppose centralization, but argue in favor of the Southern District of California as transferee forum.

---

[1] As originally filed, the Section 1407 motion included a seventh action pending at the time in the Southern District of Florida: *Jennifer Taub v. Morgan Stanley DW, Inc.*, C.A. No. 06-60921. That action has since been settled, and the district court has entered an order approving the settlement agreement and dismissing the action with prejudice. Accordingly, the question of Section 1407 transfer with respect to this action is moot.

[2] The Panel has been notified of three additional related actions pending as follows: two actions in the Southern District of California and one action in the District of New Jersey. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Dockets.Justia.com

- 2 -

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each of the six actions raises allegations that the Morgan defendants violated the Fair Labor Standards Act and state labor laws by i) misclassifying certain of their sales employees as exempt from overtime pay requirements and/or ii) making improper deductions from those employees' compensation. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Southern District of California is an appropriate transferee forum for this docket. An earlier action against the Morgan defendants raising similar claims has just recently settled in that district. More significantly, the Morgan defendants and the plaintiffs in the District of Connecticut, District of New Jersey, Eastern District of New York, and Southern District of New York actions state that they have reached a "global settlement" under which a consolidated complaint would be filed in the California district, the matter would be related to the now-settled Southern District of California action, and Judge Roger T. Benitez, who presides over the Southern California action, would administer a settlement resolving the claims against defendants on a nationwide basis. Transfer to the Southern District of California would thus place this litigation before a judge already familiar with the issues in the litigation and may further enhance the prospects for a just and speedy resolution of all MDL-1806 actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these six actions are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Roger T. Benitez for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

IN RE: MDL 1806
MORGAN STANLEY & CO., INC., OVERTIME PAY LITIGATION

Attached is a certified copy of the transfer order received from the Multidistrict Litigation Panel in Washington, D.C.  It instructs that the case(s) listed be transferred to our district for disposition pursuant to Title 28 USC 1407, as soon as possible.  The order includes the following case number(s) assigned to the Southern District of California.

The Honorable Roger T. Benitez, U.S. District Judge will be the presiding judge on this case. Please forward a copy of the complaint (including notice of removal, if applicable), any amendments, the docket sheet and the MDL Transfer Order to our office.

| Case Name | Your Case Number | Our California Case Number |
| --- | --- | --- |
| Lenihan v. Morgan Stanley | Connecticut  No 3:06-794 | 3:07cv0070BEN |
| Stowell Jr. v. Morgan Stanley | Illinois 1:06-1219 | 3:07cv0071BEN |
| Steinberg v. Morgan Stanley | New Jersey 2:05-4856 | 3:07cv0072BEN |
| Roles v. Morgan Stanley | New York 2:05-4553 | 3:07cv0073BEN |
| Gasman v. Morgan Stanley | New York 1:05-7889 | 3:07cv0074BEN |
| Armitage v. Morgan Stanley | Texas 1:06-347 | 3:07cv0075BEN |

Please forward the above requested documents, preferably as PDF documents attached to an email addressed to Beverly_Robinson@casd.uscourts.gov  Please attach separate PDFs for each of the documents.  If this is not possible, please forward the printed copies of the requested documents via mail.

Should you have any questions regarding this request, please contact Beverly Robinson at (619)557-5519.

Very truly yours,

W. Samuel Hamrick, Clerk
Southern District of California

ELECTRONIC FILING SYSTEM - U.S. District Court ILCD - Docket Report          Page 1 of 3

13, 36, CLASS, CLOSED, REFER

# U.S. District Court
## United States District Court for the Central District of Illinois (Peoria)
## CIVIL DOCKET FOR CASE #: 1:06-cv-01219-JBM-BGC
### Internal Use Only

| | |
|---|---|
| Stowell v. Morgan Stanley DW Inc | Date Filed: 08/24/2006 |
| Assigned to: Judge Joe Billy McDade | Date Terminated: 01/11/2007 |
| Referred to: Magistrate Judge Byron G. Cudmore | Jury Demand: Plaintiff |
| Cause: 29:201 Denial of Overtime Compensation | Nature of Suit: 710 Labor: Fair Standards |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Joseph Stowell, Jr**
*on behalf of himself and all others similarly
situated*

represented by **Charles R Watkins**
FUTTERMAN HOWARD WATKINS
WYLIE & ASHLEY CHTD
Suite 1850
122 South Michigan Avenue
Chicago, IL 60603
312-427-3600
Fax: 312-427-1850
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jack L Haan**
SHAHEEN NOVOSELSKY STAAT
FILIPOWSKI & ECCLESTON PC
Suite 2900
20 N Wacker Dr
Chicago, IL 60606
312-621-4400
Fax: 312-621-0268
Email: jhaan@snsfe-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James J Eccleston**
SHAHEEN NOVOSELSKY STAAT
FILIPOWSKI & ECCLESTON PC
Suite 2900
20 North Wacker Drive
Chicago, IL 60606
312-621-4400
Fax: 312-621-0268
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James E Hasser, Jr**
DIAMOND HASSER & FROST
1325 Dauphine St
Mobile, AL 36604
800-562-3362
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**John R Wylie**
FUTTERMAN HOWARD WATKINS
WYLIE & ASHLEY CHTD
Suite 1850
122 S Michigan Ave
Chicago, IL 60603
312-427-3600
Fax: 312-427-1850
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard L Coffman**
COFFMAN LAW FIRM
Suite 200
1240 Orleans St
Beaumont, TX 77701
409-832-4767
Fax: 866-835-8250
Email: rc@cofflaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wyatt B Durrette**
DURRETTE BRADSHAW PLC
600 E Main St
Richmond, VA 23219
804-775-6900
Fax: 804-775-6911
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Morgan Stanley DW Inc**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/24/2006 | ❍1 | CLASS ACTION COMPLAINT AND JURY DEMAND against Morgan Stanley DW Inc (Filing fee $ 350.), filed by Joseph Stowell, Jr. (Attachments: # 1 Civil Cover Sheet) (CL, ilcd) (Entered: 08/24/2006) |
| 08/24/2006 | ❍2 | NOTICE of Appearance of Attorney by Jack L Haan on behalf of Joseph Stowell, Jr (CL, ilcd) (Entered: 08/24/2006) |
| 08/24/2006 | ❍3 | Summons Issued as to Morgan Stanley DW Inc. (CL, ilcd) (Entered: 08/24/2006) |
| 08/25/2006 | ❍ | Remark: Motion for Attorney Admission and ECF Registration forms mailed to attys Wyatt B. Durrette, James J. Eccleston, Richard L. Coffman, and James E. Hasser, Jr. by Clerk. (TK, ilcd) (Entered: 08/25/2006) |
| 08/25/2006 | ❍4 | ORDER OF RECUSAL. Case reassigned to Judge Joe Billy McDade for all further proceedings. Judge Michael M. Mihm no longer assigned to case. Entered by Judge |

| | | Michael M. Mihm on 8/25/2006. (CL, ilcd) (Entered: 08/28/2006) |
|---|---|---|
| 08/28/2006 | ● | (Court only) *** Set/Clear Flags Adding (law clerk) (CL, ilcd) (Entered: 08/28/2006) |
| 09/11/2006 | ●5 | Plaintiff's MOTION to Transfer Case for Coordinated Pretrial Proceedings Under 28 USC, Section 1407 and MEMORANDUM IN SUPPORT by Plaintiff Joseph Stowell, Jr.Responses due by 9/25/2006 (CL, ilcd) Modified on 9/13/2006 (HK, ilcd). (Entered: 09/11/2006) |
| 09/11/2006 | ●6 | CERTIFICATE OF SERVICE by Joseph Stowell, Jr re 5 MOTION to Transfer Case (CL, ilcd) (Entered: 09/11/2006) |
| 09/11/2006 | ●7 | Exhibits re 5 MOTION to Transfer Case by Joseph Stowell, Jr. (Attachments: # 1 Exhibit Pages 36-75# 2 Exhibit Pages 76 -110# 3 Exhibit Pages 111-150)(CL, ilcd) (Entered: 09/11/2006) |
| 09/18/2006 | ●8 | AMENDED MOTION to Transfer Case for Coordinated Pretrial Proceedings under 28 USC, Section 1407 and Memorandum in Support by Plaintiff Joseph Stowell, Jr.Responses due by 10/2/2006 (HK, ilcd) (Entered: 09/18/2006) |
| 09/29/2006 | ●9 | NOTICE from MDL Chairman that pursuant to 28:1407 motions to remand may be ruled on by the USDC or wait unti the Panel has decided the transfer issue. (HK, ilcd) (Entered: 09/29/2006) |
| 01/03/2007 | ●10 | NOTICE by Panel Clerk re: tranfer of case to MDL. (CL, ilcd) (Entered: 01/03/2007) |
| 01/03/2007 | ● | Remark: Document #10 is correctly filed on 1/3/2007. (CL, ilcd) (Entered: 01/03/2007) |
| 01/11/2007 | ●11 | TRANSFER ORDER transferring case to the SDCA for inclusion in MDL #1806. Entered by Wm. Terrell Hodges, Chairman on 1/11/07. (HK, ilcd) (Entered: 01/11/2007) |

**E-FILED**

Thursday, 24 August, 2006 03:37:24 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

**FILED**

AUG 2 4 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH STOWELL, JR., on behalf of himself<br>and all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>MORGAN STANLEY DW, INC.,<br><br>       Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

CIVIL ACTION NO. 06-1219

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Joseph Stowell, Jr. ("Stowell"), on behalf of himself and all similarly situated

persons (as defined in the Class below), complains of the actions of Defendant Morgan Stanley

DW, Inc. ("MSDW"), and respectfully shows the following:

**I.**

**NATURE OF THE CASE**

1.     This action is a class action brought pursuant to the Federal Labor Standards Act

("FLSA"), 29 U.S.C. § 201, *et seq.* and the Illinois Minimum Wage Law, 820 ILCS 105/4a, to

vindicate the rights of Stowell and all other similarly situated persons (the "Class members") who

were employed by MSDW as stock brokers in Illinois, worked more than forty (40) hours per week,

and were not paid overtime pay. On behalf of himself and the Class members, Stowell seeks actual

damages, liquidated damages, pre- and post-judgment interest, attorneys' fees, litigation expenses,

court costs, and equitable relief as may be appropriate.

## II.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Stowell's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337.

3.      This Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1332(d)(2), as amended by Public Law 109.2, 119 Stat. 4 (2005), because the proposed class exceeds 100 members, the amount in controversy may exceed the sum of $5 million (exclusive of interest and costs), and Class members are citizens of a state different from MSDW.

4.      This Court also has supplemental jurisdiction over Stowell's Illinois wage statute claim pursuant to 28 U.S.C. § 1367.

5.      At all relevant times, MSDW resided, was found, had an agent or transacted business in the State of Illinois, including the Central District of Illinois. A substantial part of the events and omissions giving rise to the claims of Stowell and the Class members occurred in the Central District of Illinois. Venue, therefore, is proper in the Central District of Illinois pursuant to 28 U.S.C. § 1391(a).

## III.

## PARTIES

6.      Plaintiff is a resident of Peoria, Illinois. He was employed as a stock broker in the Peoria, Illinois branch office of Defendant MSDW from March 2004 through June 2006. As a MSDW stock broker, Stowell regularly and consistently worked in excess of forty (40) hours per week, but was not paid any overtime pay.

7.      Defendant MSDW is a Delaware corporation with its principal place of business at 2000 Westchester Avenue LD, Purchase, New York 10577. MSDW is one of the largest retail

securities brokerage firm in the United States. MSDW may be served with Summons and a copy of this Original Class Action Complaint by serving its registered agent C.T. Corporation System, 208 South LaSalle Street, Suite 814, Chicago, IL 60604.

IV.

## FACTUAL BACKGROUND

8.    Stock brokers employed by MSDW, including Stowell, routinely work more than forty (40) hours per week.

9.    MSDW, however, does not pay such employees overtime pay.

10.    Under federal law and the Illinois Minimum Wage Act, employers must pay an overtime premium to employees who work in excess of forty (40) hours per week unless the employees fall into one or more express "exemptions."

11.    Stock brokers employed by MSDW on a commission-only basis, such as Stowell, do not fit into any such overtime exemptions.

12.    While federal law recognizes a limited exemption to overtime rules for certain employees who are paid by commission, stock brokers employed by MSDW do not fit within this exemption.

13.    To qualify for the commissioned worker exemption, the employee must work in a "retail or service establishment."

14.    Regulations issued by the United States Department of Labor specifically provide that "stock or commodity brokers" are not engaged in a "retail or service establishment." *See* 29 C.F.R. § 779.317.

3

15. The stock brokers employed by MSDW on a commission-only basis also do not fit within the so-called "executive," "administrative," "professional" or "highly qualified employee" exemptions to the overtime rules.

16. Each of these exemptions requires the employee to be paid a certain guaranteed weekly minimum on either a "salary basis" or a "fee basis."

17. Stowell and the Class members are not paid any amounts under either a "salary basis" or "fee basis" as those terms are defined by the applicable overtime regulations.

18. Rather, Stowell and the Class members are allowed to "draw"--or borrow--against future commissions.

19. While MSDW misclassifies such loans to employees as "salary," these advances against future commissions do not meet the definition of pay on a "salary basis" or "fee basis" set forth in the applicable regulations.

20. Specifically, the weekly draw paid to Stowell and the Class members comes with a corresponding obligation by them to repay the draws either by generating sufficient future commissions to cover the draw or otherwise.

21. The "draw" paid to Stowell and the Class members is likewise subject to reduction based on variations in the quality or quantity of the work performed and other deductions by MSDW.

22. In addition, Stowell and the Class members do not meet the "duties" tests for any of these exemptions to the overtime rules.

23. The primary duties of Stowell and the Class members do not consist of performing administrative or managerial tasks, but rather of selling financial products. *See 29*

4

C.F.R. § 541.203(b) ("an employee whose primary duty is selling financial products does not qualify for the administrative exemption").

24.    Stowell and the Class members do not perform duties requiring advanced study at an institution of higher learning in scientific field or the arts or an advanced degree.

25.    Rather, the commission-only stock brokers employed by MSDW are engaged in "production work," producing the day-to-day goods, services and/or sales that are MSDW's "product."

26.    Because they do not fit into any of the exemptions from overtime pay, Stowell and the Class members are entitled to overtime pay for all work performed in excess of forty (40) hours per week.

## V.

## CLASS ALLEGATIONS

27.    The preceding factual statements and allegations are incorporated herein by reference.

28.    Stowell brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Stowell seeks to represent a Class consisting of:

> All persons currently or formerly employed by MSDW as commission-only stock brokers in Illinois, within the three-year period preceding the filing date of Plaintiff's Complaint.

29.    This action is properly brought as a class action because the Class members are so numerous that joinder of all of them is impracticable. Class members are widely dispersed throughout Illinois. While the exact number of Class members is unknown to Stowell at this time, and only can be ascertained through appropriate discovery, Stowell believes that there are in excess one hundred of putative Class members.

30.     This action also is properly brought as a class action because certain common questions of law and fact exist as to all Class members, and predominate over any questions solely affecting individual Class members including, *inter alia*:

(i)     Whether Stowell and the Class members are entitled to receive overtime pay; and

(ii)    Whether Stowell and the Class members regularly work more than forty (40) hours per week.

The only question affecting individual Class members is the precise amount to which each Class member is entitled as compensation for MSDW's unlawful and unauthorized conduct.

31.     Stowell's claims are typical of the Class members' claims because neither he nor they were paid overtime for working in excess of forty (40) hours per week.

32.     Stowell will fairly and adequately protect the interests of the Class members. Stowell's interests are consistent with those of the Class members, and he has no interests antagonistic to the interests of the Class. Stowell and the Class members are represented by experienced and able counsel knowledgeable about class action litigation, complex commercial litigation, employment litigation and principles of accounting and finance.

33.     Stowell knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

34.     Class certification, therefore, is appropriate under FED. R. CIV. P. 23(b)(2) because MSDW consistently and wrongfully failed to pay its commission-only stock brokers overtime for working in excess of forty (40) hours per week (and continues to do so), thereby making declaratory and/or injunctive relief on a going forward basis appropriate with respect to the Class as a whole.

35.     Class certification also is appropriate under FED. R. CIV. P. 23(b)(3) because the above-described law and fact questions predominate over any questions affecting individual Class

members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

36.    The expense and burden of litigation would substantially impair the ability of the Class members to pursue individual litigation in order to vindicate their rights. In the absence of a class action, MSDW will retain the benefits of its wrongdoing despite its serious violations of the law.

## VI.

## CLAIMS FOR RELIEF/CAUSES OF ACTION

### COUNT I

### VIOLATION OF FLSA

37.    The preceding factual statements and allegations are incorporated herein by reference.

38.    Under the FLSA, an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

39.    During the Class Period, Stowell and the Class members worked more than forty (40) hours per week, but were not paid overtime.

40.    MSDW is not a "retail or service establishment" under 29 U.S.C. § 207(i) and/or 29 C.F.R. §§ 779.316; 779.317.

41.    Stowell and the Class members are not exempt under FLSA's administrative exemption.

42.    Stowell and the Class members are not exempt under FLSA's professional exemption.

43.    Stowell and the Class members are not exempt under FLSA's executive exemption.

44.    Stowell and the Class members are not exempt under FLSA's outside sales exemption.

45.    MSDW's regular and consistent failure to pay Stowell and the Class members overtime for all hours worked in excess of forty (40) per week constitutes multiple and ongoing violations of the FLSA.

### COUNT II

### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

46.    The preceding factual statements and allegations are incorporated herein by reference.

47.    The Illinois Minimum Wage Law, 820 ILCS 105/4a, provides that except as otherwise provided, no employee shall employ any employees for a work week of more than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours at a rate not less than 1.5 times the regular rate at which he is employed.

48.    None of the exemptions to the Illinois Minimum Wage Law apply to Stowell and the Class members.

49.    Stowell and the Class members are entitled to overtime pay for all hours worked in excess of forty (40) hours per week pursuant to the Illinois Minimum Wage Law, which MSDW has regularly and consistently failed and refused to pay.

**VII.**

**RELIEF REQUESTED**

50.     The preceding factual statements and allegations are incorporated herein by reference.

51.     ***Actual damages.*** As a direct and proximate result of MSDW's willful and wrongful conduct, Stowell and the Class members are entitled to their overtime pay for the Class period (plus a factor for the time value of money). All of the damages sustained by Stowell and the Class members were reasonably foreseeable by MSDW, and exceed the minimum jurisdictional limits of this Court.

52.     ***Statutory liquidated damages.*** Stowell and the Class members also are entitled to recover their statutory liquidated damages in an amount equal to the unpaid overtime compensation pursuant to 29 U.S.C. § 216(b).

53.     ***Declaratory judgment/injunctive relief.*** Pursuant to 28 U.S.C. §§ 2201; 2202, Stowell, on behalf of those Class members who currently are employed by MSDW, further requests that this Court enter a declaratory judgment and injunction requiring MSDW to pay such Class members overtime pay on a going forward basis for time worked in excess of forty (40) hours per

1:06-cv-01219-JBM-BGC    # 1-2    Page 1 of 2

**E-FILED**

JS 44 **RECEIVED**    CIVIL COVER SHEET

Thursday, 24 August, 2006  03:37:40 PM
Clerk, U.S. District Court, ILCD

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

U.S. CLERK'S OFFICE
JOSEPH WILSON
PEORIA, ILLINOIS

**DEFENDANTS**

MORGAN STANLEY DW, INC.

**(b)** County of Residence of First Listed Plaintiff  PEORIA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jack L. Haan, Shaheen, Novoselsky, Staat, Filipowski & Eccleston, P.C.,
20 N. Wacker Drive, Suite 2900, Chicago, Illinois 60606

Attorneys (If Known)

| **II. BASIS OF JURISDICTION** (Place an "X" in One Box Only) | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) |
|---|---|

(For Diversity Cases Only)

| | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC Sec. 201

Brief description of cause:
Class action for overtime pay for brokers

**VII. REQUESTED IN COMPLAINT:**    ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**    (See instructions)    JUDGE                                DOCKET NUMBER

DATE
08/23/2006

SIGNATURE OF ATTORNEY OF RECORD
*Jack L. Haan*

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:        U.S. Civil Statute: 47 USC 553
        Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**FILED**
**E-FILED**
Monday, 11 September, 2006  02:02:35 PM
Clerk, U.S. District Court, ILCD
SEP 11 2006

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

In re MORGAN STANLEY & CO.,
INC. LITIGATION

MDL Docket No. _06-1219_

## PLAINTIFF'S MOTION FOR TRANSFER FOR COORDINATED PRETRIAL PROCEEDINGS UNDER 28 U.S.C. §1407 AND MEMORANDUM IN SUPPORT

For the reasons set forth herein, Kyle R. Armitage, plaintiff in the case styled *Armitage v. Morgan Stanley & Co., Inc.* ("*Armitage*"), United States District Court for the Eastern District of Texas, Case No. 1:06-CV-00347, and Joseph Stowell, Jr., plaintiff in the case styled *Stowell v. Morgan Stanley DW Inc.* ("*Stowell*"), United States District Court for the Central District of Illinois, Case No. 1:06-CV-01219 hereby move this Panel to (a) transfer the actions listed in the attached schedule to a single federal district court, the United States District Court for the Northern District of Illinois, and (b) coordinate the pretrial proceedings in those matters pursuant to 28 U.S.C. §1407.

## I.    INTRODUCTION

Eight class actions are currently pending against Morgan Stanley & Co., Inc. ("Morgan Stanley") in which named plaintiffs, securities brokers who worked for Morgan Stanley, represent classes of similarly-situated individuals and contend that Morgan Stanley owes overtime wages to securities brokers under the Fair Labor Standards Act ("FLSA"), and in some cases, under various state laws, because Morgan Stanley misclassified mortgage brokers as exempt employees and failed to pay them for hours worked in excess of forty hours per week.

1

The *Armitage* and *Stowell* plaintiffs seek the consolidation and transfer of these cases to the Northern District of Illinois. All of the class actions filed against Morgan Stanley contain common allegations and common questions of fact and law. (In addition to the descriptions below, the "Schedule of Motions" required by Rule 7.2(a)(ii) of the Judicial Panel of Multidistrict Litigation procedural rules is attached hereto.)

## II.    PROCEDURAL HISTORY

One of these FLSA class actions, *Garett et al. v. Morgan Stanley*, United States District Court for the Southern District of California, Case No. 3:04-cv-01858, settled earlier this year, providing compensation to a class consisting of Morgan Stanley securities brokers employed in the State of California. There are seven other similar class actions currently pending. They are detailed below, and their respective dockets and latest complaint in each action are provided as exhibits. As indicated by each of the respective dockets, it appears that none of these cases has entered the discovery phase.

### A.    The Southern District of Florida Action

*Taub v. Morgan Stanley DW*, United States District Court for the Southern District of Florida, Case No. 06-CV-60921 ("*Taub*") was filed on June 26, 2006. *Taub* is a class action representing all Morgan Stanley brokers in the state of Florida. The named plaintiff, Jennifer Taub, was employed by Morgan Stanley in Florida. *Taub* alleges that Morgan Stanley did not pay its brokers overtime pay in violation of the FLSA, and seeks disgorgement of profits, attorneys' fees, and costs. On August 30, 2006, Morgan Stanley filed a motion to dismiss. The docket for *Taub* as of September 5, 2006 is attached as Exhibit A and the *Taub* complaint is attached as Exhibit B.

2

### B.    The Eastern District of New York Action

*Roles v. Morgan Stanley & Co., Inc.*, United States District Court for the Eastern District of New York, Case No. 2:05-cv-04553 ("*Roles*") was filed on September 23, 2005. *Roles* is a class action alleging violations of the FLSA and violations of New York wage and hour laws and purports to represent two classes – a "federal class" consisting of all Morgan Stanley brokers nationwide and a "New York" class representing brokers in the state of New York. The named plaintiff, Paul Roles, was employed by Morgan Stanley in New York. *Roles* alleges that Morgan Stanley did not pay its brokers overtime pay in violation of the FLSA and seeks damages, attorneys' fees, and costs. Roles moved this Panel to centralize the case in the Southern District of California but that Motion was withdrawn on May 25, 2006. Morgan Stanley apparently has yet to answer but the docket is unclear as to the precise procedural posture of the case. The docket for *Roles* as of September 5, 2006 is attached as Exhibit C and the *Roles* complaint is attached as Exhibit D.

### C.    The District of New Jersey Action

*Steinberg v. Morgan Stanley & Co., Inc.*, United States District Court for the District of New Jersey, Case No. 2:05-cv-04856 ("*Steinberg*") was removed from the Superior Court of the State of New Jersey pursuant to the Class Action Fairness Act on October 7, 2005, and an amended complaint was filed January 13, 2006. *Steinberg* is a class action alleging violations of the FLSA and violations of New Jersey wage and hour laws and purports to represent several classes including a class styled the "inside commissioned sales persons overtime class" consisting of all Morgan Stanley securities brokers in the state of New Jersey. The named plaintiff, Robert Steinberg, was employed

3

by Morgan Stanley in New Jersey. *Steinberg* alleges on behalf of its "inside commissioned sales persons overtime class" that Morgan Stanley did not pay its brokers overtime pay in violation of the FLSA, and seeks damages, injunctive and declaratory relief, attorneys' fees, and costs. A motion to dismiss in this case has been briefed but has not yet been decided. The docket for *Steinberg* as of September 5, 2006 is attached as Exhibit E and the *Steinberg* amended complaint is attached as Exhibit F

### D.    The District of Connecticut Action

*Lenihan v. Morgan Stanley & Co., Inc.*, United States District Court for the District of Connecticut, Case No. 3:06-cv-00794 ("*Lenihan*") was filed on May 22, 2006. *Lenihan* is a class action alleging violations of the FLSA and violations of Connecticut wage and hour laws and purports to represent two classes – a "federal class" consisting of all Morgan Stanley brokers nationwide and a "Connecticut" class representing brokers in the state of Connecticut. The named plaintiff, Janemarie Lenihan, was employed by Morgan Stanley in Connecticut. *Lenihan* alleges that Morgan Stanley did not pay its brokers overtime pay in violation of the FLSA, and seeks damages, disgorgement of profits, attorneys' fees, and costs. On August 21, 2006, the court in this case granted the parties' joint motion to stay the case until October 23, 2006. The docket for *Lenihan* as of September 5, 2006 is attached as Exhibit G and the *Lenihan* complaint is attached as Exhibit H.

### E.    The Southern District of New York Action

*Gasman v. Morgan Stanley*, United States District Court for the Southern District of New York, Case No. 3:06-cv-00794 ("*Gasman*") was filed September 9, 2005, and an amended complaint was filed on May 22, 2006. *Gasman* is a class action alleging

4

violations of the FLSA and violations of New York wage and hour laws and purports to represent two classes – a "federal class" consisting of all Morgan Stanley brokers nationwide and a "New York" class representing brokers in the state of New York. The named plaintiffs, David Andrew Gasman, Israel Harman, and John Patrick Maskubi, were employed by Morgan Stanley in New York. *Gasman* alleges on behalf of its "federal class" that Morgan Stanley did not pay its brokers overtime pay in violation of the FLSA, and seeks disgorgement of profits, attorneys' fees, and costs. The docket for *Gasman* as of September 5, 2006 is attached as Exhibit I and the *Gasman* amended complaint is attached as Exhibit J.

F.     **The Eastern District of Texas Action**

*Armitage v. Morgan Stanley & Co., Inc.*, United States District Court for the Eastern District of Texas, Case No. 1:06-cv-00347, was filed on June 23, 2006. *Armitage* is a class action representing all Morgan Stanley brokers in the state of Texas. The named plaintiff, Kyle R. Armitage, was employed by Morgan Stanley in Texas. *Armitage* alleges that Morgan Stanley did not pay its brokers overtime pay in violation of the FLSA and Texas common law, and seeks damages, declaratory and injunctive relief, attorneys' fees, and costs.  A motion to dismiss or stay plaintiff's class claims was filed by Morgan Stanley on August 29, 2006. The docket for *Armitage* as of September 5, 2006 is attached as Exhibit K and the *Armitage* complaint is attached as Exhibit L.

G.     **The Central District of Illinois Action**

*Stowell v. Morgan Stanley DW, Inc.*, United States District Court for the Central District of Illinois, Case No. 1:06-cv-01219, was filed on August 24, 2006. *Stowell* is a class action representing all Morgan Stanley brokers in the state of Illinois. The named

plaintiff, Joseph Stowell, Jr., was employed by Morgan Stanley in Illinois. *Stowell* alleges

that Morgan Stanley did not pay its brokers overtime pay in violation of the FLSA and

Illinois wage and hour laws, and seeks damages, declaratory and injunctive relief,

attorneys' fees, and costs. The docket for *Stowell* as of September 5, 2006 is attached as

Exhibit M and the *Stowell* complaint is attached as Exhibit N.

## III.    LEGAL STANDARD

Actions containing allegations with common questions of fact and law may be

transferred and consolidated under Section 1407 if the transfer will be for the

convenience of the parties and witnesses and will promote the just and efficient conduct

of the transferred cases. 28 U.S.C. §1407. The Panel typically considers the following

four factors in deciding whether to transfer a case under Section 1407:

a.    the elimination of duplication in discovery;

b.    the avoidance of conflicting rules and schedules;

c.    the reduction of litigation costs; and,

d.    the conservation of the time and effort of the parties, attorneys, witnesses,
and courts.

*See Manual for Complex Litigation* (Third) §31.131 (1995) (*citing In re Plumbing*

*Fixture Cases*, 298 F. Supp. 484, 488 (J.P.M.L. 1968)). Each of these factors favors

transfer and consolidation of the seven cases currently pending against Morgan Stanley.

The Panel has regularly found that FLSA overtime actions pending in multiple district

courts meet these factors and are appropriate for centralization. *See e.g. In re GMAC Ins.*

*Manag. Corp. Overtime Pay Litig.*, 342 F. Supp. 2d 1357, 1358 (J.P.M.L. 2004); *In re*

*Starmed Health Personnel, Inc., FLSA Litig.*, 317 F. Supp. 2d 1380, 1381 (J.P.M.L.

6

2004); *In re Allstate Ins. Co. FLSA Litig.*, 283 F. Supp. 2d 1358, 1359 (J.P.M.L. 2003); *In re America Online, Inc., Community Leaders Litig.*, 198 F. Supp. 2d 1381, 1381 (J.P.M.L. 2002); *In re Farmers Ins. Exch. Claims Rep.'s Overtime Pay Litig.*, 196 F. Supp. 2d 1373, 1375 (J.P.M.L. 2002).

## IV.    ARGUMENT

### A.    The Litigation Satisfies the Requirements for Consolidation and Transfer Under 28 U.S.C. §1407

Pretrial transfer and consolidation under Section 1407 is appropriate and necessary. These cases involve the same allegations and legal standards and they are numerous. Unless these cases are consolidated, the parties will incur excess costs due to duplicative discovery, and will face the risk of inconsistent rulings on a variety of matters. Since each case is a class action, there will be substantial risks of inconsistent notices, inconsistent or duplicative opting into or out of a class or subclass, and inconsistent certification rulings if the cases are not centralized.

#### 1.    *The Litigation Involves Common Questions of Law and Fact*

Coordination and transfer of these overtime actions is appropriate because they raise the same questions of law and fact. Common questions of fact are presumed "when two or more complaints assert comparable allegations against identical defendants based on similar transactions and events." *In re Air West Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974). All the actions here involve nearly identical allegations that Morgan Stanley should have classified its securities brokers as non-exempt under the FLSA and paid them overtime pay for any hours worked over forty in a workweek. *See Taub* Cmplt, Ex. B at ¶ 4 ; *Roles* Cmplt, Ex. D at ¶2 ; *Steinberg* Am. Cmplt, Ex. F at ¶16 ; *Lenihan* Cmplt, Ex. H at ¶2 ; *Gasman* Am. Cmplt, Ex. J at ¶2 ; *Armitage* Cmplt, Ex. L at ¶_1 ;

Stowell Cmplt, Ex. N at ¶1. Each lawsuit is an action by persons employed as securities brokers, seeking to proceed on behalf of other persons similarly situated.

The matter *In re GMAC Overtime Pay Litigation* involved the same issues, and the Panel found that similar allegations regarding the overtime exempt status of GMAC claims adjusters led to sufficient common issues of fact to justify consolidation. 342 F. Supp. 2d at 1358. The Panel has regularly coordinated cases involving FLSA overtime claims, as in these cases, to further the interests contemplated by 28 U.S.C. §1407. As a result of the common questions of law and fact here, which arise from virtually identical factual and legal allegations, transfer of these cases is in the best interest of the litigants, will promote efficiency, and will avoid conflicting or divergent rulings as detailed below.

### 2. Transfer By the Panel Will Serve the Convenience of the Parties and Prevent Duplicative Discovery, Inconsistent Pretrial Rulings, and Unnecessary Costs

Convenience to the parties and prevention of duplicative discovery also favors transfer of the actions. This is an important consideration for the Panel in that transfer and consolidation "ensure[s] that the actions are supervised by a single judge who, from day-to-day contact with all aspects of the litigation, will be in the best position to design a pretrial program that will prevent duplicative discovery ... and substantially conserve the time and efforts of the parties, the witnesses, and the federal judiciary." *In re Resource Exploration, Inc. Sec. Litig.*, 483 F. Supp. 817, 821 (J.P.M.L. 1980). The parties in these actions will undoubtedly engage in duplicative discovery. Multiple cases, proceeding separately, would involve depositions of the same corporate representatives, production of the same records, and answering of the same, or similar, interrogatories. Morgan Stanley is likely to raise the same class certification objections and discovery objections,

8

and seek the same protective orders and privileges in each case. A definitive ruling on class certification would advance the interests of justice. *In re Temporomandibular Joint Prods. Liab. Litig.*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994) (holding centralization necessary, especially with regard to class certification issues.)

If the actions were to proceed separately, multiple cases could be certified as class actions. Class actions under the FLSA are opt-in proceedings. 29 U.S.C. §216(b). Thus, the same group of brokers may be sent multiple opt-in forms with different notice requirements. This would be unnecessary and duplicative and would confuse potential opt-in plaintiffs. If plaintiffs were given the opportunity to opt-in to multiple cases with essentially the same claims, the district courts would be faced with the task of determining in which action each opt-in plaintiff would be entitled to proceed. There would be additional cost in mailing multiple notices to the same group of potential plaintiffs. There are also potential additional complications because some of the cases seek to have a class certified under Fed. R. Civ. P. 23 and others under the FLSA; this may create certification issues and conflicts with respect to notice.

In addition, cases where one action seeks to represent a class broader than other overlapping actions are also prime candidates for centralization. *See In re Air West Inc. Sec. Litig.*, 384 F. Supp. at 611; *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981) ("[t]he Illinois parties' argument concerning the untenability of nationwide and statewide classes in the litigation, although premature, demonstrates the difficulty of the class certification questions presented and therefore merely amplifies the need to have a single judge oversee the class action issues").

9

### 3. There Is Sufficient Numerosity To Support Transfer and Consolidation

There are currently at least seven cases pending in seven different districts. The

Panel has routinely ordered consolidation and transfer of three or fewer cases. *See, e.g.,*

*In re Wireless Telephone Replacement Protection Programs Litigation,* 180 F. Supp. 2d

1381, 1382 (J.P.M.L. 2002) (granting transfer of three consumer protection actions); *In re*

*Philadelphia Life Ins. Co. Sales Practices Litig.,* 149 F. Supp. 2d 937, 938 (J.P.M.L.

2001) (granting transfer of two deceptive insurance sales cases); *In re Amoxicillin Patent*

*& Antitrust Litig.,* 449 F. Supp. 601, 601-4 (J.P.M.L. 1978) (granting transfer of three

cases involving patent and antitrust issues); *In re Alodex Corp. Sec. Litig.,* 380 F. Supp.

790, 790-1 (J.P.M.L. 1974) (granting transfer of three securities actions.)

### B. The Northern District of Illinois is the Appropriate Transferee Forum

The Panel has considered a number of factors in determining the most appropriate

venue for transfer, including the central location of the court proposed, convenience for

the parties and witnesses, experience of the potential forum in handling multidistrict or

complex litigation, and the docket statistics of potential transferee courts. *In re Mutual*

*Funds Investment Litig.,* 2004 WL 360839 at *2 (J.P.M.L. Feb. 20, 2004); *In re General*

*Motors Corp. Dex-Cool Products Liability Litig.,* 293 F. Supp. 2d 1381, 1382 (J.P.M.L.

2003); *In re National Century Financial Enterprises, Inc. Inv. Litig.,* 293 F. Supp. 1375,

1377 (J.P.M.L. 2003); *In re African-American Slave Descendants Litig.,* 231 F. Supp. 2d

1357, 1358 (J.P.M.L. 2002); *In re Serzone Products Liability Litig.,* 217 F. Supp. 2d

1372, 1374 (J.P.M.L. 2002). The Northern District of Illinois is the appropriate transferee

forum. It is centrally located and has excellent facilities for transportation and housing

visiting attorneys and witnesses. It has favorable case management statistics. Finally,

10

many judges in the Northern District are experienced in handling MDL proceedings in complex litigation.

### 1.    *The Northern District of Illinois is Centrally Located*

Because of its central geographic location and easy accessibility for parties and witnesses, the Panel has repeatedly concluded that the Northern District of Illinois is an appropriate forum for consolidated proceedings. *In re Wireless Telephone 911 Calls Litig.*, 259 F. Supp. 2d 1372, 1373-74 (J.P.M.L. 2003); *In re African-American Slave Descendants Litig.*, 231 F. Supp. 2d at 1358; *In re Aimster Copyright Litig.*, 177 F. Supp. 2d 1380, 1382 (J.P.M.L. 2001); *In re MLR, LLC Patent Litig.*, 269 F. Supp. 2d 1380, 1382 (J.P.M.L. 2003); *In re Sulfuric Acid Antitrust Litig.*, 270 F. Supp. 2d 1379, 1380 (J.P.M.L. 2003); *In re McDonald's Corp. Promotional Games Litig.*, 192 F. Supp. 2d 1381, 1382 (J.P.M.L. 2002); *In re America Online Inc., Version 6.0 Software Litig.*, 162 F. Supp. 2d 690, 691 (J.P.M.L. 2001). Geographic centrality is particularly important where, as here, the litigation is nationwide in scope. *See, e.g., In re Ocwen Federal Bank FSB Mortgage Servicing Litig.*, 314 F. Supp. 2d 1376, 1379 (J.P.M.L. 2004.)

Access to documents and witnesses would be streamlined in the Northern District of Illinois in part because defendant Morgan Stanley has recently opened a regional law department in their Chicago offices at 70 W. Madison Street, Chicago, IL 60602. Morgan Stanley also, on information and belief, has some 500 potential class members in Illinois.

### 2.    *The Northern District of Illinois Has Substantial Experience Handling Multidistrict Litigation*

Another factor considered by the Panel is the experience of a potential transferee forum in managing multidistrict litigation. *See, e.g., In re Janus Mut. Funds Inv. Litig., No. 1586,* 310 F. Supp. 2d 1359, 1361 (J.P.M.L. 2004) ("we have searched for a

transferee district with the capacity and experience to steer this litigation on a prudent course.")

The Northern District of Illinois has ample experience in managing complex multidistrict litigation transferred by the Panel. *See, e.g., In re Sulfuric Acid Antitrust Litig.*, 270 F. Supp. 2d at 1380; *In re MLR, LLC Patent Litig.*, 269 F. Supp 2d at 1381; *In re African-American Slave Descendants Litig.*, 231 F. Supp. 2d at 1358; *In re McDonald's Promotional Games Litig.*, 192 F. Supp. 2d at 1382; *In re Aimster Copyright Litig.*, 177 F. Supp. 2d at 1382; *In re America Online, Inc., Version 6.0 Software Litig.*, 162 F. Supp. 2d at 691; *In re Amsted Indust. Inc. "ERISA" Litig.*, 162 F. Supp. 2d 697, 698 (J.P.M.L. 2001); *In re Factor VIII or IX Concentrate Blood Product Product Liability Litig.*, 853 F. Supp. 454, 455 (J.P.M.L. 1993); In *re Air Crash Disaster at Sioux City, Iowa*, 128 F.R.D. 131, 132-3 (J.P.M.L.1989); *In re Air Crash Disaster Near Chicago, Ill.*, 476 F. Supp. 445, 449 (J.P.M.L. 1979); *In re Oil Spill by the "Amoco Cadiz" Off Coast of France*, 471 F. Supp. 473, 478 (J.P.M.L. 1979); *In re Uranium Industry Antitrust Litig.*, 458 F. Supp. 1223, 1232 (J.P.M.L. 1978); *In re General Motors Engine Interchange Litig.*, 441 F. Supp. 933, 935 (J.P.M.L. 1977).

### 3.    *The Northern District of Illinois Has A Favorable Docket*

The Panel has also considered the docket congestion of potential forums in deciding where a consolidated action should be transferred. *See, e.g., In re Air Crash Disaster at Taipei Int'l. Airport*, 433 F. Supp. 1120, 1122 (J.P.M.L. 1977); *In re Transit Co. Tire Antitrust Litig.*, 350 F. Supp. 1165, 1166 (J.P.M.L. 1972); *In re Kauffman Mutual Fund Actions*, 337 F. Supp. 1337, 1339 (J.P.M.L. 1972). Of particular significance in determining docket superiority are statistics regarding median time in civil

actions between filing and disposition. In *In re Preferential Drug Prods. Pricing Antitrust Litig.*, for example, the Panel transferred actions based in part on the transferee district's low median times between filing and disposition. 429 F. Supp. 1027, 1029 (J.P.M.L. 1977). According to the latest Federal Court Management Statistics, the median time from filing to disposition for civil cases in the Northern District of Illinois is only 6.9 months, faster than all but one of the districts in which these cases currently sit. (*See* Federal Court Management Statistics, 2005, at http://www.uscourts.gov/cgi-bin/cmsd2005.pl, visited September 6, 2006.)

## V.     CONCLUSION

For the foregoing reasons, the *Armitage* and *Stowell* plaintiffs respectfully request that that Panel enter an Order transferring all related actions, as well as any cases that may be subsequently filed asserting similar or related claims, to the Northern District of Illinois for coordinated pretrial proceedings.

Date: September 8, 2006

Respectfully submitted,

By:  _One of the attorneys for Plaintiffs_

Charles R Watkins
John R. Wylie
FUTTERMAN HOWARD WATKINS
WYLIE & ASHLEY CHTD
Suite 1850
122 South Michigan Avenue
Chicago, IL 60603
312-427-3600
Fax: 312-427-1850

Jack L Haan

James J Eccleston
SHAHEEN NOVOSELSKY STAAT FILIPOWSKI & ECCLESTON PC
Suite 2900
20 N Wacker Dr
Chicago, IL 60606
312-621-4400
Fax: 312-621-0268
Email: jhaan@snsfe-law.com

James E Hasser, Jr
DIAMOND HASSER & FROST
1325 Dauphine St
Mobile, AL 36604
800-562-3362

Richard L Coffman
THE COFFMAN LAW FIRM
Suite 200
1240 Orleans St
Beaumont, TX 77701
409-832-4767
Fax: 866-835-8250

Wyatt B Durrette, Jr.
Amy J. Inge
DURRETTEBRADSHAW PLC
600 E Main St
Richmond, VA 23219
804-775-6900
Fax: 804-775-6911

G:\KATE\Armitage\Pleadings\FINAL MDL MOTION.doc

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

In re MORGAN STANLEY & CO.,
INC. LITIGATION

MDL Docket No. _____

### SCHEDULE OF ACTIONS

Pursuant to Rule of Procedure 7.2(a)(iii) of the Judicial Panel on Multidistrict

Litigation, Kyle R. Armitage and Joseph Stowell, Jr., submit the following schedule of

actions:

| Name of Action | District Court (Division) | Civil Action No. | Judge (Magistrate Judge) |
|---|---|---|---|
| TAUB v. MORGAN STANLEY DW, INC. | Southern District of Florida (Fort Lauderdale Division) | 06-CV-60921 | Judge William P. Dimitrouleas<br><br>(no magistrate) |
| ROLES v. MORGAN STANLEY & CO., INC. | Eastern District of New York (Central Islip Division) | 2:05-cv-04533 | Judge Sandra J. Feuerstein<br><br>(Magistrate Judge Arlene R. Lindsay) |
| STEINBERG v. MORGAN STANLEY & CO., INC. | District of New Jersey (Newark Division) | 2:05-cv-04856 | Judge Dennis M. Cavenaugh<br><br>(Magistrate Judge Mark Falk) |
| LENIHAN v. MORGAN STANLEY & CO., INC. | District of Connecticut (New Haven Division) | 3:06-cv-00794 | Judge Alvin W. Thompson<br><br>(no magistrate) |
| GASMAN v. MORGAN STANLEY & CO., INC. | Southern District of New York | 1:05-cv-07889 | Judge Richard C. Casey<br><br>(no magistrate) |

| ARMITAGE v. MORGAN STANLEY & CO., INC. | Eastern District of Texas (Beaumont Division) | 1:06-cv-00347 | Judge Marcia A. Crone (no magistrate) |
|---|---|---|---|
| STOWELL v. MORGAN STANLEY & CO., INC. | Central District of Illinois (Peoria Division) | 1:06-cv-01219 | Judge Joe Billy McDade (Magistrate Judge Byron G. Cudmore) |

Dated: September 8, 2006

Respectfully submitted,

By: _____

One of the attorneys for Plaintiffs

Charles R. Watkins
John R. Wylie
FUTTERMAN HOWARD WATKINS
WYLIE & ASHLEY, CHTD
122 South Michigan Avenue
Suite 1850
Chicago, IL 60603
312-427-3600
Fax: 312-427-1850

Jack L. Haan
James J. Eccleston
SHAHEEN NOVOSELSKY STAAT FILIPOWSKI & ECCLESTON PC
20 North Wacker Drive
Suite 2900
Chicago, IL 60606

**FILED** E-FILED
Monday, 11 September, 2006 02:08:48 PM
Clerk, U.S. District Court, ILCD

SEP 1 1 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

### BEFORE THE JUDICIAL PANEL
### ON MULTIDISTRICT LITIGATION

In re MORGAN STANLEY & CO.,
INC. LITIGATION

MDL Docket No. _____

06-1219

### CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true copy of the foregoing PLAINTIFF'S

MOTION FOR TRANSFER FOR COORDINATED PRETRIAL PROCEEDINGS UNDER 28

U.S.C. § 1407 and MEMORANDUM IN SUPPORT and SCHEDULE OF ACTIONS will be

served upon all parties listed on the attached Service List this 8th day of September, 2006, before

the hour of 5:00 p.m. via prepaid first-class U.S. mail:

By: _____
One of the attorneys for Plaintiffs

Charles R. Watkins
John R. Wylie
FUTTERMAN HOWARD WATKINS WYLIE &
ASHLEY, CHTD
122 South Michigan Avenue
Suite 1850
Chicago, IL 60603
312-427-3600
Fax: 312-427-1850

Jack L. Haan
James J. Eccleston
SHAHEEN NOVOSELSKY STAAT FILIPOWSKI & ECCLESTON PC
20 North Wacker Drive
Suite 2900
Chicago, IL 60606
312-621-4400
Fax: 312-621-0268

James E. Hasser, Jr.
DIAMOND HASSER & FROST
1325 Dauphine Street

1

Mobile, AL 36604
800-562-3362

Richard L. Coffman
THE COFFMAN LAW FIRM
1240 Orleans Street
Suite 200
Beaumont, TX 77701
409-832-4767
Fax: 866-835-8250

Wyatt B. Durrette
Amy Inge
DURRETTEBRADSHAW PLC
600 East Main Street
Richmond, VA 23219
804-775-6900
Fax: 804-775-6911

G:\KATE\Armitage\Pleadings\MDL COS.doc

## MORGAN STANLEY MDL
## SERVICE LIST

**Via UPS:**
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE, Room G-255, North Lobby
Washington, DC 20002-8004
202/502-2800

**Via prepaid first-class U.S. mail:**

**TAUB v. MORGAN STANLEY**
   **DW, INC.**
**Southern District of Florida, Fort**
   **Lauderdale Division**
**Case No. 06-CV-60921**

Plaintiff Counsel:
   Blum & Silver
   12540 W Atlantic Boulevard
   Coral Springs, FL 33071

Defendant Counsel:
   Morgan Lewis & Bockius
   200 S. Biscayne Boulevard
   Suite 5300
   Wachovia Financial Center
   Miami, FL 33131-2339

Clerk of the Court
S.D. Fla., Fort Lauderdale Division
108 United States Courthouse
299 East Broward Boulevard
Fort Lauderdale, FL 33332

Judge William P. Dimitrouleas
108 United States Courthouse
299 East Broward Boulevard
Fort Lauderdale, FL 33332

**ROLES v. MORGAN STANLEY**
   **& CO., INC.**
**Eastern District of New York,**
   **Central Islip Division**
**Case No. 2:05-cv-04533**

Plaintiff Counsel:
   Jeffrey G. Smith
   Wolf Haldenstein Adler Freeman &
   Herz
   270 Madison Avenue
   New York, NY 10016

Matthew M. Guiney
Wolf Haldenstein Adler Freeman &
Herz, LLP
270 Madison Avenue
New York, NY 10017

Robert Abrams
Wolf Haldenstein Adler Freeman &
Herz LLP
270 Madison Avenue
New York, NY 10016

Robert B. Weintraub
Wolf Haldenstein Adler Freeman &
Herz LLP
270 Madison Avenue
New York, NY 10016

Defendant Counsel:
    Samuel S. Shaulson
    Morgan, Lewis & Bockius LLP
    101 Park Avenue
    New York, NY 10178-0060

Clerk of the Court
E.D.N.Y., Central Islip Division
Alfonse M. D'Amato U.S. Courthouse
100 Federal Plaza
Central Islip, NY 11722

| | |
|---|---|
| Judge Sandra J. Feuerstein | Magistrate Judge Arlene R. Lindsay |
| Alfonse M. D'Amato U.S. Courthouse | 118S United States Courthouse |
| 100 Federal Plaza | 225 Cadman Plaza East |
| Central Islip, NY 11722 | Brooklyn, NY 11201-1818 |

**STEINBERG v. MORGAN STANLEY & CO., INC.**
District of New Jersey, Newark Division
Case No. 2:05-cv-04856

Plaintiff Counsel:
    Edward P. D'Alessio
    Winne, Banta, Hetherington & Basralian, P.C.
    Court Plaza North
    25 Main Street
    P.O. Box 647
    Hackensack, NJ 07601

| | |
|---|---|
| Defendant Counsel: | |
|   Richard G. Rosenblatt | Scott E. Ross |
|   Morgan, Lewis & Bockius LLP | Morgan Lewis & Bockius LLP |
|   502 Carnegie Center | 502 Carnegie Center |
|   Princeton, NJ 08540-6273 | Princeton, NJ 08540-6241 |

Clerk of the Court
D.N.J., Newark Division
4015 Martin Luther King, Jr. Federal
    Bldg and Courthouse
50 Walnut Street
Newark, NJ 07102

| | |
|---|---|
| Judge Dennis M. Cavenaugh | Magistrate Judge Mark Falk |
| 4015 Martin Luther King, Jr. Federal | 4015 Martin Luther King, Jr. Federal |
|   Bldg and Courthouse |   Bldg and Courthouse |
| 50 Walnut Street | 50 Walnut Street |
| Newark, NJ 07102 | Newark, NJ 07102 |

**LENIHAN v. MORGAN STANLEY & CO., INC.**
District of Connecticut, New Haven Division
Case No. 3:06-cv-00794

Plaintiff Counsel:
    Nancy A. Kulesa
    Schatz & Nobel
    One Corporate Center
    20 Church Street
    Suite 1700
    Hartford, CT 06103

Defendant Counsel:
    Anthony Rosato Minchella             Samuel S. Shaulson
    Anthony R. Minchella, LLC           Morgan, Lewis & Bockius
    530 Middlebury Road               101 Park Avenue
    Suite 203-204B                   New York, NY 10178
    Middlebury, CT 06762

Clerk of the Court
D. Conn., New Haven Division
214 Richard C. Lee U.S. Courthouse
141 Church Street
New Haven, CT 06510

Judge Alvin W. Thompson
214 Richard C. Lee U.S. Courthouse
141 Church Street
New Haven, CT 06510

**GASMAN v. MORGAN STANLEY & CO., INC.**
**Southern District of New York**
**Case No. 1:05-cv-07889**

Plaintiff Counsel:
    Max Folkenflik
    Folkenflik & McGerity
    1500 Broadway
    21st Floor
    New York, NY 10036

Defendant Counsel:
    Heidi L. Swartz                    Samuel S. Shaulson
    Morgan, Lewis & Bockius LLP     Morgan, Lewis & Bockius LLP
    101 Park Avenue                101 Park Avenue
    37th Floor                       37th Floor
    New York, NY 10178              New York, NY 10178

Clerk of the Court
S.D.N.Y.
120 Daniel Patrick Moynihan U.S.
    Courthouse
500 Pearl Street
New York, NY 10007-1312

Judge Richard C. Casey
120 Daniel Patrick Moynihan U.S.
    Courthouse
500 Pearl Street
New York, NY 10007-1312

**ARMITAGE v. MORGAN STANLEY & CO., INC.**
**Eastern District of Texas, Beaumont Division**
**Case No. 1:06-cv-00347**

Plaintiff Counsel:
    Jack L. Haan                     James J. Eccleston
    Shaheen Novoselsky Staat        Shaheen Novoselsky Staat
    Filipowski & Eccleston PC         Filipowski & Eccleston PC
    20 North Wacker Drive           20 North Wacker Drive
    Suite 2900                       Suite 2900
    Chicago, IL 60606               Chicago, IL 60606

James E. Hasser, Jr.
Diamond Hasser Frost & Luckie
P. O. Drawer 40600
Mobile, AL 36640

John R. Wylie
Futterman Howard Watkins Wylie &
Ashley
122 South Michigan Avenue
Suite 1850
Chicago, IL 60603

Richard Lyle Coffman
The Coffman Law Firm
1240 Orleans
Suite 200
Beaumont, TX 77701

Wyatt B. Durrette, Jr.
DurretteBradshaw PLC
600 East Main Street
20th Floor
Richmond, VA 23219

Defendant Counsel:
Hubert Oxford, III
Hubert Oxford IV
Benckenstein & Oxford
3535 Calder Avenue
Suite 300
Beaumont, TX 77704

Mark S. Dichter
Morgan Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103

Samuel S. Shaulson
Morgan Lewis & Bockius
101 Park Avenue
New York, NY 10178

W. Russell Hamilton
Morgan, Lewis & Bockius
5300 Wachovia Financial Center
200 South Biscayne Blvd.
Miami, FL 33131

Clerk of the Court
E.D. Tex., Beaumont Division
Jack Brooks Federal Bldg. and U.S.
Courthouse
300 Willow Street
Beaumont, TX 77701

Judge Marcia A. Crone
Jack Brooks Federal Bldg. and U.S.
Courthouse
300 Willow Street
Beaumont, TX 77701

STOWELL v. MORGAN
STANLEY & CO., INC.
Central District of Illinois,
Peoria Division
Case No. 1:06-cv-01219

Plaintiff Counsel:
Charles R Watkins
John R. Wylie
Futterman Howard Watkins Wylie
& Ashley
Suite 1850
122 South Michigan Avenue
Chicago, IL 60603

Jack L. Haan
Shaheen Novoselsky Staat
Filipowski & Eccleston PC
Suite 2900
20 North Wacker Drive
Chicago, IL 60606

4

James J. Eccleston
Shaheen Novoselsky Staat
Filipowski & Eccleston PC
Suite 2900
20 North Wacker Drive
Chicago, IL 60606

James E. Hasser, Jr.
Diamond Hasser Frost & Luckie
P. O. Drawer 40600
Mobile, AL 36640

Richard L. Coffman
The Coffman Law Firm
Suite 200
1240 Orleans Street
Beaumont, TX 77701

Wyatt B Durrette, Jr.
Amy J. Inge
DURRETTEBRADSHAW PLC
600 E Main St
Richmond, VA 23219
804-775-6900
Fax: 804-775-6911

<u>Defendant Counsel:</u>
   NONE APPEARED

Clerk of the Court
C.D. Ill., Peoria Division
309 Federal Bldg.
100 N.E. Monroe Street
Peoria, IL 61601

Judge Joe Billy McDade
309 Federal Bldg.
100 N.E. Monroe Street
Peoria, IL 61601

Magistrate Judge Byron G. Cudmore
309 Federal Bldg.
100 N.E. Monroe Street
Peoria, IL 61601

G:\KATE\Armitage\MDL Service List.doc

5

E-FILED
Monday, 11 September, 2006 04:14:14 PM
Clerk, U.S. District Court, ILCD

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

SEP 11 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

In re MORGAN STANLEY & CO.,            MDL Docket No. 06-1219
INC. LITIGATION

---

### NOTICE OF FILING EXHIBITS IN SUPPORT OF MOTION FOR TRANSFER
### OF ACTIONS FOR CONSOLIDATED PRETRIAL PROCEEDINGS

Kyle R. Armitage ("Armitage"), plaintiff in the case styled *Armitage v. Morgan*

*Stanley & Co., Inc.* (the "*Armitage* action"), United States District Court for the Eastern

District of Texas, Case No. 1:06-CV-00347, and Joseph Stowell, Jr. ("Stowell"), plaintiff

in the case styled *Stowell v. Morgan Stanley DW Inc.* (the "*Stowell* action"), submit this

Notice of Filing Exhibits In Support of Motion for Transfer of Actions for consolidated

Pretrial Proceedings as follows:

| | |
|---|---|
| **Exhibit A** | Docket for *Taub v. Morgan Stanley DW*, U.S. District Court for the Southern District of Florida, Case No. 05-CV-60921 (Downloaded from ECF/PACER on September 5, 2006). |
| **Exhibit B** | Complaint in *Taub v. Morgan Stanley DW*, U.S. District Court for the Southern District of Florida, Case No. 05-CV-60921. |
| **Exhibit C** | Docket for *Roles v. Morgan Stanley & Co. Incorporated et al*, U.S. District Court for the Eastern District of New York, Case No. 05-CV-04553 (Downloaded from ECF/PACER on September 5, 2006). |
| **Exhibit D** | Complaint in *Roles v. Morgan Stanley & Co. Incorporated et al*, U.S. District Court for the Eastern District of New York, Case No. 05-CV-04553. |
| **Exhibit E** | Docket for *Steinberg v. Morgan Stanley & Co., Inc. et al*, U.S. District Court in the District of New Jersey, Case No. 05-CV-04856 (Downloaded from ECF/PACER on September 5, 2006). |

1

| | |
|---|---|
| **Exhibit F** | Amended Complaint in *Steinberg v. Morgan Stanley & Co., Inc. et al*, U.S. District Court in the District of New Jersey, Case No. 05-CV-04856. |
| **Exhibit G** | Docket for *Lenihan v. Morgan Stanley & Co. Inc. et al*, U.S. District Court in the District of Connecticut, Case No. 06-CV-00794 (Downloaded from ECF/PACER on September 5, 2006). |
| **Exhibit H** | Complaint in *Lenihan v. Morgan Stanley & Co. Inc. et al*, U.S. District Court in the District of Connecticut, Case No. 06-CV-00794. |
| **Exhibit I** | Docket for *Gasman v. Morgan Stanley*, U.S. District Court in the Southern District of New York, Case No. 05-CV-07889 (Downloaded from ECF/PACER on September 5, 2006). |
| **Exhibit J** | Amended Complaint in *Gasman v. Morgan Stanley*, U.S. District Court in the Southern District of New York, Case No. 05-CV-07889. |
| **Exhibit K** | Docket for *Armitage v. Morgan Stanley & Co, Inc*, U.S. District Court in the Eastern District of Texas, Case No. 06-CV-00347 (Downloaded from ECF/PACER on September 5, 2006). |
| **Exhibit L** | Complaint in *Armitage v. Morgan Stanley & Co, Inc*, U.S. District Court in the Eastern District of Texas, Case No. 06-CV-00347. |
| **Exhibit M** | Docket for *Stowell v. Morgan Stanley DW Inc*, U.S. District Court in the Central District of Illinois, Case No. 06-CV-01219 (Downloaded from ECF/PACER on September 5, 2006). |
| **Exhibit N** | Complaint in *Stowell v. Morgan Stanley DW Inc*, U.S. District Court in the Central District of Illinois, Case No. 06-CV-01219.\ |

Respectfully submitted,

By: _____
One of the attorneys for Plaintiffs

Charles R Watkins
John R. Wylie
FUTTERMAN HOWARD WATKINS
WYLIE & ASHLEY CHTD
Suite 1850
122 South Michigan Avenue
Chicago, IL 60603
312-427-3600
Fax: 312-427-1850

Jack L Haan
SHAHEEN NOVOSELSKY STAAT FILIPOWSKI & ECCLESTON PC
Suite 2900
20 N Wacker Dr
Chicago, IL 60606
312-621-4400
Fax: 312-621-0268
Email: jhaan@snsfe-law.com

James J Eccleston
SHAHEEN NOVOSELSKY STAAT FILIPOWSKI & ECCLESTON PC
Suite 2900
20 North Wacker Drive
Chicago, IL 60606
312-621-4400
Fax: 312-621-0268

James E Hasser, Jr
DIAMOND HASSER & FROST
1325 Dauphine St
Mobile, AL 36604
800-562-3362

Richard L Coffman
COFFMAN LAW FIRM
Suite 200
1240 Orleans St
Beaumont, TX 77701
409-832-4767
Fax: 866-835-8250

Wyatt B Durrette
DURRETTE BRADSHAW PLC
600 E Main St
Richmond, VA 23219
804-775-6900
Fax: 804-775-6911

4

# Exhibit A

Docket as of September 1, 2006 11:39 pm                          Web PACER (v2.4)

# U.S. District Court

## Southern District of Florida (FtLauderdale)

## CIVIL DOCKET FOR CASE #: 06-CV-60921

### Taub v. Morgan Stanley DW

Filed: 06/26/06
Assigned to: Judge William P. Dimitrouleas
Jury demand: Plaintiff
Demand: $0,000
Nature of Suit: 710
Lead Docket: None
Jurisdiction: Federal Question
Dkt# in other court: None
Cause: 29:0201 Fair Labor Standards Act

---

JENNIFER TAUB
    plaintiff

Darren Craig Blum
FTS 255-8175
954-255-8181
[COR LD NTC]
Blum & Silver
12540 W Atlantic Boulevard
Coral Springs, FL 33071
954-255-8181

  v.

MORGAN STANLEY DW, INC.
    defendant

Anne Marie Estevez
FTS 415-3001
[COR LD NTC]
Sharon Ann Lisitzky
FTS 579-0321
305-579-0382
[COR LD NTC]
Morgan Lewis & Bockius
200 S Biscayne Boulevard
Suite 5300 Wachovia Financial
Center
Miami, FL 33131-2339
305-415-3400

---

# DOCKET    PROCEEDINGS

---

DATE   #          DOCKET   ENTRY


6/26/06  1        COMPLAINT filed; FILING FEE $350.00 RECEIPT # 537482;
                  Magistrate Judge Edwin G. Torres (ss) [Entry date 06/27/06]

6/26/06  2        CONSENT TO BECOME PARTY by plaintiff Jennifer Taub (ss)
                  [Entry date 06/27/06]

6/26/06  3        SUMMONS(ES) issued for Morgan Stanley DW (ss)
                  [Entry date 06/27/06]

6/27/06  4        ORDER requiring counsel to meet, file joint scheduling
                  report and joint discovery report (Signed by Judge William
                  P. Dimitrouleas on 6/27/06) [EOD Date: 6/28/06] (ss)
                  [Entry date 06/28/06]

7/14/06  5        RETURN OF SERVICE executed for Morgan Stanley DW on 6/28/06
                  Answer due on 7/18/06 for Morgan Stanley DW (ra)
                  [Entry date 07/18/06]

7/17/06  6        MOTION by Morgan Stanley DW (Attorney Anne Marie Estevez,
                  Sharon Ann Lisitzky) to extend time to file an answer or
                  motion in response to plaintiff's class action complaint
                  and to file its corporate disclosure statement (lh)
                  [Entry date 07/20/06]

7/20/06  7        ORDER Granting [6-1] motion for an enlargement of time to
                  file answer or motion in response to class action complaint
                  and to file its corporate disclosure statement Reset
                  answer due for 8/17/06 for Morgan Stanley DW (Signed by
                  Judge William P. Dimitrouleas on 7/20/06) [EOD Date:
                  7/21/06] (ss) [Entry date 07/21/06]

7/26/06  8        ORDER transferring case Barry S. Seltzer ( Signed by
                  Judge William P. Dimitrouleas on 7/26/06) [EOD Date:
                  7/27/06] (cj) [Entry date 07/27/06]

7/26/06  --       Magistrate identification:  Magistrate Judge Barry S.
                  Seltzer (cj) [Entry date 07/27/06]

8/14/06  9        MOTION by Morgan Stanley DW (Attorney ) to extend time to
                  file an answer (cj) [Entry date 08/15/06]

8/17/06  10       ORDER Granting [9-1] agreed motion for an enlargement of
                  time to file an answer or motion in response to class
                  action complaint and to file its corporate disclosure
                  statement; set answer due for 8/31/06 for Morgan Stanley
                  DW (Signed by Judge William P. Dimitrouleas on 8/17/06)
                  [EOD Date: 8/17/06] (ss)

8/30/06   11      MOTION by Morgan Stanley DW (Attorney ) to dismiss claim (cj)
                  [Entry date 08/31/06]

8/30/06   12      Statement of disclosure by Morgan Stanley DW  re: (cj)
                  [Entry date 08/31/06]
          □

---

Case Flags:
BSS

---

END OF DOCKET: 0:06cv60921

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/05/2006 13:14:40 | | | |
| PACER Login: | fh0064 | Client Code: | Armitage |
| Description: | docket report | Search Criteria: | 0:06cv60921 |
| Billable Pages: | 3 | Cost: | 0.24 |

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Index No. **06-60921**

**CIV-DIMITROULEAS**

---

JENNIFER TAUB,
On behalf of herself and all others similarly situated,

    PLAINTIFF,

vs.

MORGAN STANLEY DW, INC.,

    DEFENDANT.

---

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Jennifer Taub ("Plaintiff" or "Taub"), by her attorneys, for herself, and on behalf of all others similarly situated, on information and belief, except for those allegations which pertain to the named Plaintiff or to her attorneys which are alleged on personal knowledge, alleges as follows:

### SUMMARY OF CLAIMS

1.     This is a Class Action brought on behalf of Plaintiff, who worked for Morgan Stanley ("Defendant") as a securities broker, and a class of similarly situated persons who are or were at all relevant times employed by Morgan Stanley as brokers, salesmen and financial advisors (the "Class") in the State of Florida during the period six years prior to the filling of this Complaint to the time of judgment after trial (the "Class Period").

2.     This case arises out of Defendant's knowing and intentional violation of the Fair Labor Standards Act through improper deductions from employee's wages and failure to pay overtime as required by law.



3.     Defendant violated the Law by impermissibly deducting monies from Plaintiff's and the Class's compensation to pay for support staff and other overhead expenses.

4.     Defendant violated Fair Labor Standards Act, 29 U.S.C. §207, which requires employers to pay employees, including commission-based employees such as Plaintiff and the Class, overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of 40 hours in any given workweek.  When employees are paid on commission, as was the case for Plaintiff and the Class, those commissions are, as a matter of law, deemed to be paid for a 40- hour week.

5.     As a result of Defendant's violation of the Federal labor laws, Plaintiff and the Class were grossly under-compensated for their work.

### JURISDICTION AND VENUE

6.     This Court also has jurisdiction pursuant to 28 U.S.C. §1331, the Federal statue in question being the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

7.     This Court also has subject matter jurisdiction over all claims pursuant to the Class Action Fairness Act of 2005.  That Act provides, in relevant part, that: "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." Upon information and belief, the amount in controversy in this case is greater than $5,000,000.00.

8.     The Southern District of Florida is proper venue under 28 U.S.C.A. §1391(b)(1) because Defendant does business in the Southern District of Florida, and substantially all of the events that gave rise to the claims in this action took place in this judicial district.

2

## PARTIES

9.    Plaintiff is a resident of Broward Country, Florida. She was employed as a securities broker by Defendant on January 1998. Taub is licensed by the National Association of Securities Dealers as a securities broker holding licenses Series 7 and 63. As a securities broker, Taub's primary duty was the sale of financial products to clients of Morgan Stanley, and she was compensated on the basis of commissions earned in the sales of such products.

10.    Taub regularly worked 45-65 hours per week. She also worked many Saturdays.

11.    Defendant, formerly Morgan Stanley Dean Witter & Co., is a financial services business incorporated in Delaware with its principal place of business at 1585 Broadway, New York, New York. It has over $800 billion in assets and over $28 billion in shareholders' equity. Defendant provides brokerage services to individuals and institutions.

## CLASS ACTION ALLEGATIONS

12.    Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This Class that Plaintiff seeks to represent is composed of all employees of Defendant in Florida who were engaged in the business of selling securities to individuals and institutions during the Class Period.

13.    The Class is composed of thousands of individuals, the joinder or whom in one action is impracticable, and the disposition of their claims in a Class Action will provide substantial benefits both to the parties and the Court. The Class is sufficiently numerous since it is estimated that thousands of people in the Class were employed by Defendant to sell securities to individual and institutional clients during the Class Period.

14.    The questions of law and fact common to the Class predominate over questions which may affect individual members, including the following:

(a) whether Defendant deducted monies from its employees' wages to pay for support staff, trade errors, and other overhead expenses in violation of Florida Law;

(b) whether Defendant failed to adequately compensate its employees for overtime hours worked as required by Federal Labor Standards Act 29 U.S.C. §207;

(c) whether the Class has been damaged and, if so, the extent of such damages.

15.    As an employee of Defendant, who was not compensated at the legally required rate for overtime hours worked, and from whom Defendant made improper deductions from her compensation, Plaintiff is asserting claims that are typical of the claims of the entire Class. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interest antagonistic to those of the other members of the Class. Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

16.    Plaintiff and the other members of the Class have suffered damages as a result of Defendant's unlawful conduct.  Because of the size of the individual Class Member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.  A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, the Class members likely will not obtain redress of their injuries, and Defendant will retain the proceeds of its violation of the law.

**FACTUAL BACKGROUND**

17.    Defendant sells securities and financial products with offices nationwide.

18.    Defendant made unlawful deductions from the wages paid to Plaintiff and the Class for expenses which were, as a matter of law, the employer's overhead expenses, including (a) deductions of the wages paid to "cold callers" hired to obtain business for Defendant, (b)

4

deductions for amounts paid to the broker's secretary or sales assistant(s) for doing the business

of Defendant communicating with customers, (c) deductions for marketing materials promoting

Defendant's business, and (d) deductions for "broken trades." A "broken trade" is where a

customer challenged a transaction done for his benefit by the securities broker and the trade was

cancelled. On information and belief, where the cancellation of the transaction resulted in a loss,

Defendant deducted the amount of any loss from the commissions due the securities broker, both

for the actual losses incurred by the customer and any commission paid on the transaction.

However, if the cancellation of the transaction resulted in a gain on the transaction, Defendant

kept the gain for itself.

19.     Plaintiff and each overtime securities broker Class member was an inside sales

person who Defendant paid solely on a commission basis without any premium for overtime pay

as required by law.

20.     Defendant has a history of violating the Fair Labor Standards Act. Enclosed

herein as Exhibit 1 is a similar court action pending in the United States District Court, Southern

District of New York.

**CAUSE OF ACTION**
Restitution and Statutory Liquidated Damages
for Failure to Pay Overtime to Securities Brokers
(Violation of Section 207 of the Federal Fair Labor Standards Act 29 U.S.C. §207)

21.     Plaintiff incorporates by reference all of the allegations of the paragraphs 1-20

herein.

22.     Section 207 of the Federal Fair Labor Standards Act 29 U.S.C. §207 (2005)

provides in pertinent part:

> Except of otherwise provided in this section, no employer shall employ any of his
> employees who in any workweek is engages in commerce or in the production of

goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

23.    Plaintiff and all other securities brokers employed by Defendant during the Class Period regularly worked more than 40 hours per week, and were compensated on a straight commission basis with no base salary and no premium pay for hours worked in excess of 40 hours.

24.    Securities brokers compensated on a commission basis are not subject to the Section 207 or Section 213 exemptions of the Federal Fair Labor Standards Act.

25.    Section 207 of the Federal Fair Labor Standards Act 29 U.S.C. §207 (2005) provides:

No employer shall be deemed to have violated subsection (a) of this section [mandate to compensate employees for overtime] by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title; and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

26.    Section 213 of the Federal Fair Labor Standards Act provides that the overtime pay requirements does not apply to:

(a)(1)    any employee employed in a *bona fide* **executive administrative**, or **professional capacity** (including any employee employed in the capacity of academic administrative personnel or teacher in elementary school), or in the capacity of **outside salesman** (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act . . . except than [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of his executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

6

29 U.S.C. §213 (2005) (emphasis supplied).

27.     Employees whose primary duty is to perform support services for Defendant's customers, for which Defendant is paid, are production employees not entitled to the administrative exemption.   Specifically, the last sentence of 29 C.F.R. §541.203(b) states: "However, an employee whose primary duty is selling financial products does not qualify for the administrative exemption." Nor are brokerage firms "retail establishments" within the meaning of Section 213. 29 C.F.R. 779.317 of the regulation governing application of the Fair Labor Standards Act provides a "partial list" of establishments to which the retail concept does not apply.   29 C.F.R. §779.317 (2005). Included in that list is "brokers, custom house; freight brokers, stock or commodity brokers."

28.     The burden to show that their employee falls within an exemption is on the Defendant. The provisions of the exemption are cumulative, each of the prerequisites must be satisfied, and thus, the absence of one of the requirements for the exemption ends the inquiry.

29.     The professional exemption at 29 U.S.C. §213(a)(1) does not apply to the Plaintiff or Plaintiff Class members because the status of a securities broker is not a recognized profession in a field of science or learning, and the skills are acquired through experience and an apprenticeship and the passage of a series of exams through self-study rather than at any institution of higher learning.  In addition, exemption for employees employed in a professional capacity is inapplicable because, as the courts have announced, Plaintiff and the Class work on commission, and are not employed in a *bona fide* professional capacity.

30.     Section 29 C.F.R. §541.311-312et seq., of the deferral regulations make clear that in order to qualify as an employee employed in a *bona fide* professional capacity, within the meaning of 29 U.S.C. §213(a)(1) the employee must both be paid on a salary basis that

guarantees him/her a predetermined amount, or on a fee basis that does not vary with the price or quantity of the idem sold, and the occupation must be recognized generally as a profession requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

31.    As stated in 29 C.F.R. §541.301(d) "the learned professional exception is not available for occupations that customarily may be performed with only the general knowledge acquired by an academic degree in any field, with knowledge acquired through an apprenticeship" . . . . The learned professional exemption also does not apply to occupations in which most employees have acquired their skills by experience rather than by advanced specialized intellectual instruction." Although members of Plaintiff Class may hold degrees in business or accounting, many, if not most, do not, and the degree in business is a general degree rather than a degree in being a stock broker. There is no recognized advance degree from an institution of higher academic learning for being a stock broker of the type Plaintiff and Plaintiff Class members are. Even if there were, it is not required to have such a degree in order to become a stock broker employee of Defendant.

32.    The exemption in 29 U.S.C. §213 for employees employed in the capacity of outside salesmen does not apply because Plaintiff and the Class are not outside salespersons as the term in defined in Section 29 C.F.R. §541.500.

33.    29 C.F.R. §541.500 of the federal regulations defines an outside salesman as follows:

> (a) The term "employee employed in the capacity of outside salesman" in section 13(a)(1) of the Act shall mean any employee:
>
> (1)  Whose primary duty is:
>
>    (i)  making sales within the meaning of section 3(k) of the Act, or

(ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer, and

(2) Who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty.

(b) The term "primary duty" is defined at §541.700. In determining the primary duty of an outside sales employee, work performed incidental to and in conjunction with the employee's own outside sales or solicitations, including incidental deliveries and collections, shall be regarded as exempt outside sales work, other work that furthers the employee's sales efforts also shall be regarded as exempt work including, for example, writing sales reports, updating or revising the employer's sales or display catalogue, planning itineraries and attending sales conferences.

29 C.F.R. §541.500 (2005).

34.    Because Plaintiff and the Class were employed at the Defendant's places of business, they do not qualify for the outside salesman exception.

35.    They are no other exemptions applicable to Plaintiff and Plaintiff class members.

36.    As a result of Defendant's failure to pay overtime, Plaintiff and the Class were damaged in an amount to be proved at trial.

37.    In addition, Plaintiff and the Class are entitled to liquidate damages in an amount equal to their compensatory damages, which shall be proven at trial, pursuant to 29 C.F.R. §216(b). A copy of this Federal Statute is enclosed herein as Exhibit 2.

WHEREFORE, Plaintiff, on behalf of herself and other members of the Class demand judgment as follows:

(1)    on Plaintiff's Claim for Relief, compensatory damages at one and one-half the regular rate of pay for all hours worked in excess of forty hours a week in an amount to be proven at trial plus additional liquidated damages.

9

(2)    disgorgement of profits derived from Defendant's improper use of funds due and

owed Plaintiff and the Class;

(3)    reasonable attorneys' fees, pursuant to 29 U.S.C §216(b);

(4)    costs of this suit;

(5)    pre- and post- judgment interest; and

(6)    such other and further relief as the Court may deem just.

Respectfully submitted by:

BLUM & SILVER, LLP
Attorneys for Plaintiff
12540 W. Atlantic Blvd.
Coral Springs, FL 33071
Telephone: (954) 255-8181
Facsimile: (954) 255-8175

By: _____    Date: 6/20/06
    DARREN C. BLUM
    Fla. Bar No. 087173

# Exhibit C

**U.S. District Court**
**Eastern District of New York (Central Islip)**
**CIVIL DOCKET FOR CASE #: 2:05-cv-04553-SJF-ARL**

Roles v. Morgan Stanley & Co. Incorporated et al          Date Filed: 09/23/2005
Assigned to: Judge Sandra J. Feuerstein                   Jury Demand: Plaintiff
Referred to: Magistrate-Judge Arlene R. Lindsay           Nature of Suit: 710 Labor: Fair
Cause: 28:1331 Fed. Question: Fair Labor Standards         Standards
                                                          Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**Paul Roles**                        represented by   **Jeffrey G. Smith**
*on behalf of himself and all others*                 Wolf Haldenstein Adler Freeman &
*similarly situated*                                  Herz
                                                      270 Madison Avenue
                                                      New York, NY 10016
                                                      212 545-4600
                                                      Email: smith@whafh.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Matthew M Guiney**
                                                      Wolf Haldenstein Adler Freeman &
                                                      Herz, LLP
                                                      270 Madison Avenue
                                                      New York, NY 10017
                                                      212-545-4761
                                                      Fax: 212-686-0114
                                                      Email: guiney@whafh.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Robert Abrams**
                                                      Wolf Haldenstein Adler Freeman &
                                                      Herz LLP
                                                      270 Madison Avenue
                                                      New York, NY 10016
                                                      212 545 4600
                                                      Fax: 212 545 4653
                                                      Email: abrams@whafh.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Robert Abrams**
                                                      Wolf Haldenstein Adler Freeman &
                                                      Herz LLP
                                                      270 Madison Avenue
                                                      New York, NY 10016
                                                      212-545-4600

Fax: 212-545-4653
Email: abrams@whafh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Weintraub**
Wolf Haldenstein Adler Freeman &
Herz LLP
270 Madison Avenue
New York, NY 10016
Email: weintraub@whafh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

<u>Defendant</u>

**Morgan Stanley & Co. Incorporated**     represented by  **Sam Scott Shaulson**
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
U.S.A
212-309-6718
Fax: 212-309-6273
Email: sshaulson@morganlewis.com
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Morgan Stanley DW Inc.**     represented by  **Sam Scott Shaulson**
*formerly known as*                          (See above for address)
Morgan Stanley Dean Witter & Co.             *ATTORNEY TO BE NOTICED*

<u>Interested Party</u>

**David Gasman**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2005 | <u>1</u> | COMPLAINT *(rec. no. 315668)* against Morgan Stanley & Co. Incorporated, Morgan Stanley DW Inc. $ 250, filed by Paul Roles. (Attachments: # <u>1</u> Civil Cover Sheet)(Romano, Daniel) (Entered: 09/28/2005) |
| 09/23/2005 | | Summons Issued as to Morgan Stanley & Co. Incorporated, Morgan Stanley DW Inc.. (Romano, Daniel) (Entered: 09/28/2005) |
| 09/29/2005 | <u>2</u> | SUMMONS Returned Executed by Paul Roles. Morgan Stanley & Co. Incorporated served on 9/28/2005, answer due 10/18/2005; Morgan Stanley DW Inc. served on 9/28/2005, answer due 10/18/2005. (Weintraub, Robert) (Entered: 09/29/2005) |

| 10/12/2005 | 3 | NOTICE of Appearance by Sam Scott Shaulson on behalf of Morgan Stanley & Co. Incorporated, Morgan Stanley DW Inc. (Shaulson, Sam) (Entered: 10/12/2005) |
| 10/12/2005 | 4 | STIPULATION *Extending Defendants' Time to Answer, Move or Otherwise Respond* by Morgan Stanley & Co. Incorporated, Morgan Stanley DW Inc.. (Shaulson, Sam) (Entered: 10/12/2005) |
| 10/14/2005 | | STIPULATION AND ORDER: The stipulation (Dkt No. 4) is So Ordered. Ordered by Judge Arlene R. Lindsay on 10/14/05. (c/ecf) (Goodstein, Alyce) (Entered: 10/14/2005) |
| 11/03/2005 | 5 | Letter from Sam S. Shaulson to Honorable Sandra J. Feuerstein Regarding request for extension of time. (Attachments: # 1 Memorandum of Law in Support of Defendants' Motion to Transfer)(Shaulson, Sam) (Entered: 11/03/2005) |
| 11/03/2005 | 6 | Corporate Disclosure Statement by Morgan Stanley & Co. Incorporated, Morgan Stanley DW Inc.. (Shaulson, Sam) (Entered: 11/03/2005) |
| 11/08/2005 | 7 | NOTICE of Appearance by Robert Abrams on behalf of Paul Roles (Abrams, Robert) (Entered: 11/08/2005) |
| 11/08/2005 | 8 | Letter from Robert Abrams to Judge Feuerstein Regarding Rule 26(f) Conference. (Guiney, Matthew) (Entered: 11/08/2005) |
| 11/09/2005 | 9 | Letter from Sam S. Shaulson to Honorable Sandra J. Feuerstein Regarding Mr. Abrams' November 8, 2005 Letter and Rule 26(f) Conference. (Shaulson, Sam) (Entered: 11/09/2005) |
| 11/09/2005 | 10 | Letter from Robert Abrams to Judge Feuerstein Regarding 26(f) Conference. (Guiney, Matthew) (Entered: 11/09/2005) |
| 11/09/2005 | 24 | ORDER, GRANTING the 11 Letter Application for an extension of time to oppose defendant's motion. Opposiiton shall be served and filed by 12/9/05. Other applications. The request that the Court direct defendant's counsel to confer with Plaintiff's counsel, pursuant to Rule 26(f) is DENIED. . Ordered by Judge Sandra J. Feuerstein on 11/9/05. (Mierzejewski, Elizabeth) (Entered: 01/17/2006) |
| 11/18/2005 | 11 | Letter from Defendants' Attorney Sam Shaulson to Judge Feuerstein Regarding Motion to Postpone Responsive Pleadings Deadline. (Shaulson, Sam) (Entered: 11/18/2005) |
| 12/02/2005 | 12 | REPLY in Opposition re 5 Letter *Regarding Defendant's Motion to Transfer* by Paul Roles. (Abrams, Robert) (Entered: 12/02/2005) |
| 12/02/2005 | 13 | AFFIDAVIT in Opposition re 5 Letter *Affidavit of Robert Abrams in Opposition to Defendants' Motion to Transfer* by Paul Roles. (Attachments: # 1 Exhibit A)(Abrams, Robert) (Entered: 12/02/2005) |
| 12/12/2005 | 14 | MOTION to Change Venue *to Southern District of New York* by all defendants. (Shaulson, Sam) (Entered: 12/12/2005) |
| 12/12/2005 | 15 | Notice of MOTION to Change Venue *to the Southern District of New* |

| | | *York* by all defendants. (Shaulson, Sam) (Entered: 12/12/2005) |
|---|---|---|
| 12/12/2005 | 16 | RESPONSE in Opposition re 14 MOTION to Change Venue *to Southern District of New York* filed by Paul Roles. (Attachments: # 1 Affidavit Affidavit of Robert Abrams)(Shaulson, Sam) (Entered: 12/12/2005) |
| 12/12/2005 | 17 | REPLY to Response to Motion re 14 MOTION to Change Venue *to Southern District of New York* filed by all defendants. (Attachments: # 1 Affidavit Declaration of Sam Shaulson)(Shaulson, Sam) (Entered: 12/12/2005) |
| 12/12/2005 | 18 | AFFIDAVIT re 17 Reply to Response to Motion *Declaration of Sam S. Shaulson* by Morgan Stanley & Co. Incorporated, Morgan Stanley DW Inc.. (Attachments: # 1 Exhibit Exhibit 1 to Shaulson Declaration) (Shaulson, Sam) (Entered: 12/12/2005) |
| 12/15/2005 | 19 | Letter from Robert Abrams to Judge Feuerstein Regarding Response to defendants' reply to their motion to transfer. (Attachments: # 1 Text of Proposed Surreply)(Abrams, Robert) (Entered: 12/15/2005) |
| 12/16/2005 | 20 | Letter from Defendants to Judge Feuerstein Regarding Plaintiff's Unauthorized Sur-Reply. (Shaulson, Sam) (Entered: 12/16/2005) |
| 12/16/2005 | 21 | AFFIDAVIT *of Robert Abrams* by Paul Roles. (Attachments: # 1 Exhibit A - Consent to Become a Party Plaintiff submitted by Ann Allen# 2 Exhibit B - Consent to Become a Party Plaintiff submitted by Martin Braunschweig# 3 Exhibit C - Consent to Become a Party Plaintiff submitted by Melvin J. Colby# 4 Exhibit D - Consent to Become a Party Plaintiff submitted by Marc Lefevre# 5 Exhibit E - Consent to Become a Party Plaintiff submitted by Alan Levy# 6 Exhibit F - Consent to become a Party Plaintiff submitted by Patrick Panzella)(Abrams, Robert) (Entered: 12/16/2005) |
| 12/16/2005 | 22 | AFFIDAVIT *Declaration of Max Folkenflik* by David Gasman. (Folkenflik, Max) (Entered: 12/16/2005) |
| 01/04/2006 | 23 | ENDORSED ORDER, GRANTING the 5 Letter Application for an extension of time to answer, move, or otherwise respond to the Complaint until after it is determined whether this case will be transferred to the Southern District and consolidated with Gasman for coordinated pre-trial proceedings. . Ordered by Judge Sandra J. Feuerstein on 11/4/05. c/m(Mierzejewski, Elizabeth) Modified on 1/17/2006 (Mierzejewski, Elizabeth). (Entered: 01/17/2006) |
| 01/09/2006 | 25 | ORDER re 8 Letter. That the application for an extension of time to oppose defendant's motion is GRANTED. Opposition shall be served and filed by 12/9/05. Other application's in the enclosed letter are DENIED. . Ordered by Judge Sandra J. Feuerstein on 11/9/05. (Mierzejewski, Elizabeth) (Entered: 01/17/2006) |
| 01/26/2006 | 26 | AFFIDAVIT *of Robert Abrams* by Paul Roles. (Attachments: # 1 Exhibit A: Consent to Become Party Plaintiff submitted by Gregory Insinga# 2 Exhibit B: Consent to Become Party Plaintiff submitted by Sean |

| | | |
|---|---|---|
| | | Sedacca# 3 Exhibit C: Consent to Become Party Plaintiff submitted by James N. Suger)(Abrams, Robert) (Entered: 01/26/2006) |
| 01/27/2006 | 27 | MOTION to Change Venue *to the Southern District of California* by Paul Roles. (Attachments: # 1 Memorandum# 2 Exhibit List# 3 Exhibit #1# 4 Exhibit #2# 5 Exhibit #3# 6 Exhibit #4# 7 Schedule of Actions# 8 Notice of Appearance# 9 Certificate of Service)(Abrams, Robert) (Entered: 01/27/2006) |
| 01/27/2006 | | Motions terminated: 27 MOTION to Change Venue *to the Southern District of California* filed by Paul Roles. THIS MOTION IS RETURNABLE BEFORE THE JPMDL AND NOT JUDGE FEUERSTEIN IN THE EDNY. (Mahon, Cinthia) (Entered: 05/22/2006) |
| 02/09/2006 | 28 | Letter *Requesting Disposition of Defendants' Motion to Transfer to the Southern District* by Morgan Stanley & Co. Incorporated, Morgan Stanley DW Inc.. (Shaulson, Sam) (Entered: 02/09/2006) |
| 02/15/2006 | 29 | Letter *in Response to Defendants' February 9, 2006 Letter* by Paul Roles. (Abrams, Robert) (Entered: 02/15/2006) |
| 02/22/2006 | 30 | RESPONSE to Motion re 27 MOTION to Change Venue *to the Southern District of California*, filed by Morgan Stanley & Co. Incorporated and Morgan Stanley DW Inc. (Attachments: # 1 Exhibit A-E) THIS MOTION IS RETURNABLE BEFORE THE JUDICIAL PANEL FOR MULTIDISTRICT LITIGATION NOT JUDGE FEUERSTEIN.(Mahon, Cinthia) (Entered: 03/14/2006) |
| 02/28/2006 | 32 | AFFIDAVIT of Robert Abrams in Support of plaintiff's reply to defts' response to the 27 MOTION to Change Venue *to the Southern District of California* by Paul Roles. Exhibits A & B filed under seal and placed in the vault. ORIGINAL DOCUMENT - NOT ELECTRONIC. This motion is returnable before the JPMDL not Judge Feuerstein. (Mahon, Cinthia) Modified on 3/15/2006 (Mahon, Cinthia). (Entered: 03/14/2006) |
| 03/13/2006 | 34 | Letter of Carrie Bierman to Clerk of the Court re: enclosing a courtesy copy of plaintiff's motion for sealing filed documents (docs. 31 & 33 EDNY) filed today with the JPMDL in MDL-1762. (Mahon, Cinthia) (Entered: 03/15/2006) |
| 03/22/2006 | 35 | Letter of Carrie Bierman to Clerk, EDNY, dated 3/21/06 re: enclosing a courtesy copy of pltff's motion for sealing filed documents filed today with the JPMDL in Morgan Stanley & Co., Inc., Overtime Pay Litigation (MDL-1762). (Attachments: #(1) Letter of Robert Abrams to the clerk, JPMDL, dated 3/21/06; #(2) Second Motion for Sealing Filed Documents (returnable before the JPMDL)).(Mahon, Cinthia) (Entered: 03/23/2006) |
| 04/06/2006 | 36 | Letter from Carrie Bierman to Clerk of the Court dated 4/5/06 re: enclosing a copy of the JPMDL's decision denying plaintiff's second motion for sealing filed documents in Morgan Stanley & Co., Inc., Overtime Pay Litigation, MDL no. 1762. (Mahon, Cinthia) (Entered: 04/13/2006) |
| | | |

| 05/15/2006 | 37 | Plaintiff Linda Garett's Response to Paul Roles' Motion for Consolidation and Transfer Pursuant to 28 U.S.C., Section 1407. (Attachments: #(1) Exhibit A; #(2) Schedule of Actions involved) RE: MDL-1762 In re Morgan Stanley & Co., Inc., Overtime Pay Litigation. This motion is returnable before JPMDL and the party filing this document is not a party to this action.(Mahon, Cinthia) (Entered: 05/16/2006) |
|---|---|---|
| 05/18/2006 | 42 | Plaintiff Roles' REPLY ro Plaintiff Garett's Response to the 27 MOTION for Transfer and Consolidation *to the Southern District of California.* THIS MOTION IS RETURNABLE BEFORE THE JPMDL - NOT JUDGE FEUERSTEIN. (Mahon, Cinthia) Modified on 5/22/2006 (Mahon, Cinthia). (Entered: 05/22/2006) |
| 05/19/2006 | 38 | AFFIDAVIT *of Robert Abrams* by Paul Roles. (Attachments: # 1 Exhibit A) Consent to Become a Party Plaintiff submitted by Paul Ahrens# 2 Exhibit B) Consent to Become a Party Plaintiff submitted by Frederick Ballantyne# 3 Exhibit C) Consent to Become a Party Plaintiff submitted by Robert Barley# 4 Exhibit D) Consent to Become a Party Plaintiff submitted by David A. Bernacchia# 5 Exhibit E) Consent to Become a Party Plaintiff submitted by Jim Bukaty# 6 Exhibit F) Consent to Become a Party Plaintiff submitted by Ed Cain# 7 Exhibit G) Consent to Become a Party Plaintiff submitted by Patrick G. Charsky# 8 Exhibit H) Consent to Become a Party Plaintiff submitted by Martin M. Connelly# 9 Exhibit I) Consent to Become a Party Plaintiff submitted by Randall F. DeVaney# 10 Exhibit J) Consent to Become a Party Plaintiff submitted by Colleen A. Faulhaber)(Abrams, Robert) (Entered: 05/19/2006) |
| 05/19/2006 | 39 | AFFIDAVIT *of Robert Abrams* by Paul Roles. (Attachments: # 1 Exhibit A) Consent to Become a Party Plaintiff submitted by Paul Kavanagh# 2 Exhibit B) Consent to Become a Party Plaintiff submitted by Fred Krokenberger# 3 Exhibit C) Consent to Become a Party Plaintiff submitted by Louis R. Licata# 4 Exhibit D) Consent to Become a Party Plaintiff submitted by Brian Loveman# 5 Exhibit E) Consent to Become a Party Plaintiff submitted by Catherine P. McEnroe# 6 Exhibit F) Consent to Become a Party Plaintiff submitted by Michael Miceli# 7 Exhibit G) Consent to Become a Party Plaintiff submitted by John A. Muller# 8 Exhibit H) Consent to Become a Party Plaintiff submitted by Michael Neal# 9 Exhibit I) Consent to Become a Party Plaintiff submitted by Betsy Odita# 10 Exhibit J) Consent to Become a Party Plaintiff submitted by Richard F. Pallo)(Abrams, Robert) (Entered: 05/19/2006) |
| 05/19/2006 | 40 | AFFIDAVIT *of Robert Abrams* by Paul Roles. (Attachments: # 1 Exhibit A) Consent to Become a Party Plaintiff submitted by Christine Palmiere# 2 Exhibit B) Consent to Become a Party Plaintiff submitted by Alison Passeck# 3 Exhibit C) Consent to Become a Party Plaintiff submitted by Lisa Reich-Scholtisek# 4 Exhibit D) Consent to Become a Party Plaintiff submitted by Anastasia Theodoropoulos# 5 Exhibit E) Consent to Become a Party Plaintiff submitted by Michael J. Tumolo# 6 Exhibit F) Consent to Become a Party Plaintiff submitted by Keith D. Vink# 7 Exhibit G) Consent to Become a Party Plaintiff submitted by David |

|  |  |  |
|---|---|---|
|  |  | Walker# <u>8</u> Exhibit H) Consent to Become a Party Plaintiff submitted by Ryan Winger# <u>9</u> Exhibit I) Consent to Become a Party Plaintiff submitted by Richard Yuen# <u>10</u> Exhibit J) Consent to Become a Party Plaintiff submitted by Joseph Zicari# <u>11</u> Exhibit K) Consent to Become a Party Plaintiff submitted by Glen Ziccarelli)(Abrams, Robert) (Entered: 05/19/2006) |
| 05/19/2006 | <u>43</u> | Plaintiff Linda Garett's RESPONSE to Paul Roles' <u>27</u> MOTION for Consolidation and Transfer *to the Southern District of California*. Exhibit A part of main document. THIS MOTION IS RETURNABLE BEFORE THE JPMDL - NOT JUDGE FEUERSTEIN. (Mahon, Cinthia) (Entered: 05/22/2006) |
| 05/19/2006 | <u>44</u> | Letter J. Kirk Donnelly to Michael J. Beck, Clerk of the JPMDL, dated 5/10/06 re: please accept this letter as our application for an extension of time to submit a written response to Roles' motion to transfer no later than 5/15/06, and to participate in oral argument. THIS APPLICATION IS BEFORE THE JPMDL AND NOT THE EDNY. (Mahon, Cinthia) (Entered: 05/22/2006) |
| 05/22/2006 | <u>41</u> | AFFIDAVIT *of Robert Abrams* by Paul Roles. (Attachments: # <u>1</u> Exhibit A: Consent to Become a Party Plaintiff submitted by Paul Roles) (Abrams, Robert) (Entered: 05/22/2006) |
| 05/24/2006 | <u>45</u> | Letter from Sam S. Shaulson to Michael J. Beck, Clerk, JPMDL, dated 5/23/06 re: enclosing Defendants' Response to Plaintiff Roles' Motion to Amend His Motion for Transfer and Consolidation. Attachments: # <u>1</u> Defendants' response to Plaintiff Roles' Motion to Amend his Motion for Transfer and Consolidation pursuant to 28 U.S.C., Section 1407)(Mahon, Cinthia) Modified on 6/16/2006 (Mahon, Cinthia). (Entered: 06/16/2006) |
| 05/25/2006 | <u>46</u> | Letter from Kaveh Dabashi to Clerk dated 5/24/06 enclosing a courtesy copy of plaintiff Paul Roles' motion to withdraw his motion for transfer and consolidation pursuant to 28 U.S.C., Section 1407 in MDL-1762. (Attachments: # <u>1</u> Plaintiff Roles' Motion to Withdraw His Motion for Transfer and Consolidation Pursuant 28 U.S.C., Section 1407)(Mahon, Cinthia) (Entered: 06/16/2006) |
| 05/31/2006 | <u>47</u> | ORDER (Cert. Copy)Deeming Motion Withdrawn and Vacating the 5/25/06 Hearing Session: The motion of plaintiff Paul Roles for transfer under 28 U.S.C., Section 1407 is deemed withdrawn. The Hearing Session Order and the attached Schedule filed on 4/13/06, are vacated insofar as they relate to this litigation. Ordered by Wm. Terrell Hodges, Chairman, JPMDL on 5/25/06. (Attachments: # <u>1</u> Letter from JPMDL dated 5/25/06) In Re MDL-1762 In re: Morgan Stanley & Co., Inc., Overtime Pay Litigation.(Mahon, Cinthia) (Entered: 06/16/2006) |
| 07/13/2006 | <u>48</u> | AFFIDAVIT *of Robert Abrams* by Paul Roles. (Attachments: # <u>1</u> Exhibit A: Consent to Become a Party Plaintiff submitted by Massimo Romano# <u>2</u> Exhibit B: Consent to Become a Party Plaintiff submitted by Steven J. Vitale)(Abrams, Robert) (Entered: 07/13/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/05/2006 13:26:15 | | | |
| PACER Login: | fh0064 | Client Code: | Armitage |
| Description: | Docket Report | Search Criteria: | 2:05-cv-04553-SJF-ARL |
| Billable Pages: | 5 | Cost: | 0.40 |

# Exhibit D

**CV-05 4553**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

2005 SEP 23 A 7:20

PAUL ROLES, on behalf of himself and all others
similarly situated,

                                     **Plaintiff,**

         -against-

MORGAN STANLEY & CO. INCORPORATED
and MORGAN STANLEY DW INC. (f/k/a
MORGAN STANLEY DEAN WITTER & CO.),

                                      **Defendants.**

Index No.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

**FEUERSTEIN, J.**

**LINDSAY, M. J.**

        Plaintiff Paul Roles, by his attorneys, alleges this class action complaint for himself and

on behalf of all others similarly situated, based; (i) upon his own personal knowledge; (ii) his

own acts and the acts and statements of any above-named defendants in which plaintiff

participated directly, including the communications with, representations made, and

documentation and information provided to plaintiff by any defendant in the ordinary course of

business; and (iii) the investigation of his counsel. Counsel's investigation conducted on

plaintiff's behalf, included, among other things: (i) an analysis of publicly-available news

articles and reports; (ii) a review and analysis of public filings, including but not limited to any

by defendants, and (iii) other matters of public record. The allegations as to all other matters are

based upon investigation by plaintiff's attorneys and research of the applicable law with respect

to the claims asserted herein.

## SUMMARY OF CLAIMS

     1.      This is a class action brought on behalf of plaintiff, a securities broker, and two

classes of similarly situated persons composed of i) all employees or former employees of

defendants, who have worked for defendants and who are or were engaged in, or are or were

training to be in, the business of selling securities, and who have taken or have trained to take

registration examinations, at any time after September 22, 1999 (the "Federal Class" and the

"Class Period"); and ii) all employees or former employees of defendants who have worked for

defendants in New York state and who are or were engaged in, or are or were training to be in,

the business of selling securities, and who have taken or have trained to take registration

examinations, at any time after September 22, 1999 (the "New York Class" and, together with

the Federal Class,  the "Classes").

2.    Defendants violated Section 207 of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 207 (2005) by not paying the Federal Class overtime pay for a work week longer than

forty hours.

3.    Defendants violated the rights of the New York Class under New York Labor

Law and the New York State Labor Department's Codes, Rules and Regulations ("NYCRR") as

follows:

a.    Defendants violated 12 NYCRR § 142-2.2 that requires employers to pay

non-exempt employees overtime at the rate of one and one-half times the

employee's regular salary for all hours worked in excess of 40 hours in

any given workweek.

b.    Defendants violated New York Labor Law Section 193 by impermissibly

deducting monies from the compensation of certain New York Class

members to pay for support staff and other overhead expenses.

4.    As a result of defendants' violation of the FLSA and New York labor laws,

plaintiff and the members of the Classes were illegally and grossly under-compensated for their

work.

415320                                2

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1367, supplemental jurisdiction of state law claims.

6.    Venue is proper under 28 U.S.C § 1391(b)(1) because each of the defendants is resident in this district, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

7.    Plaintiff Paul Roles, during his employment by defendant, lived and worked on Long Island, New York.

8.    Plaintiff was employed as a securities broker by defendant Morgan Stanley DW Inc. in its training program in New York State from on or about March 17, 2000 through December 2001.

9.    Defendant Morgan Stanley & Co. Incorporated ("MS&Co.") is one of the principal operating subsidiaries of "Morgan Stanley."[1]  MS&Co. is a wholly-owned subsidiary of Morgan Stanley.  MS&Co. is a registered broker-dealer and one of the world's largest full-service broker-dealers, asset management and financial advisory companies.

10.    Defendant Morgan Stanley DW Inc. ("MSDWI") is also one of Morgan Stanley's principal operating subsidiaries.  MSDWI is a wholly-owned subsidiary of Morgan Stanley.  MSDWI is a registered broker-dealer and one of the world's largest full-service broker-dealers, asset management and financial advisory companies.

---

[1] Morgan Stanley, not a defendant herein, is the publicly-traded parent holding firm of each defendant.  Morgan Stanley states that it does essentially all of its business through subsidiaries.

415320                                    3

11.      Defendants have at least 20 offices within the State of New York, including

multiple offices in New York City, Westchester, the Buffalo area and the Syracuse area, as well

as offices in Rochester, Geneva, Elmira, Albany, Saratoga, Amsterdam, Mount Kisco, and at

least ten offices within this district.

## CLASS ACTION ALLEGATIONS

12.      Plaintiff brings this action on behalf of himself and the Federal Class pursuant to

FLSA § 216(b) and on behalf of the New York Class pursuant to Federal Rule of Civil Procedure

23.

13.      Each of the Classes is composed of thousands of individuals, the joinder of whom

in one action is impracticable, and the disposition of their claims in a class action will provide

substantial benefits both to the parties and the Court. Each of the Classes is sufficiently

numerous, since it is estimated that each contains thousands of people employed by the

defendants during the Class Period.

14.      There is a well-defined community of interest in the questions of law and fact

involved affecting the parties to be represented. The questions of law and fact common to each

of the Classes predominate over questions which may affect only individual members of each of

the Classes, including the following:

a.      Whether defendants failed to adequately compensate the members of the

Federal Class for overtime hours worked as required by the Fair Labor

Standards Act, 29 U.S.C. § 207, and failed to adequately compensate the

members of the New York Class for overtime hours worked as required by

the NYCRR § 142-2.2 because plaintiff and the members of the Classes

are not exempt employees under the Fair Labor Standards Act or New

York Labor Law and NYCRR § 142-2.2.